In re Norman Lee CARTER, Jr., and Icey Jean Carter, Debtors.

Bankruptcy No. 79 B 03400 K.

United States Bankruptcy Court, D. Colorado.

Jan. 28, 1980.

Edward I. Cohen, Denver, Colo., for debtors.

## ORDER UPON DEBTORS' OBJECTION TO CLAIMED SECURITY INTEREST BY RELIABLE SEWING MACHINE COMPANY

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER came before the Court upon the Debtors' "Objection to Claim of Security Interest on Property Belonging to Debtor by Reliable Sewing Machine Company." Reliable Sewing Machine Company filed a claim herein on November 30, 1979, in the amount of $2,271.00 claiming a security interest in a certain group of household furnishings. The lien claimed is a purchase money security interest, and the security agreement is attached to the proof of claim as required. The objection of the Debtors in total states:

> The debtors hereby object to the claim of a secured interest by the claimant in any property belonging to the debtors, as the purported security instrument filed with the Court is invalid against the debtor.

At the hearing, it appeared that the creditor had failed to file a financing statement within the time required under the Uniform Commercial Code, even though an attempted filing was returned by the filing officer upon grounds not relating to the validity of the financing statement. At the time of the filing of the Chapter 13 petition herein, the creditor again filed the financing statement, and it remains of record. The Debtors assert the right in these proceedings to avoid the security interest pursuant to the provisions of 11 U.S.C. § 544. Section 544 is the so-called "strong-arm clause," which has been incorporated into the new Bankruptcy Code.

There is some question whether the Chapter 13 trustee has strong-arm powers under the new Code. It was settled in this Circuit that the trustee was so empowered under former law. *City National Bank v. Oliver,* 230 F.2d 686 (10th Cir. 1956). All of the provisions of Chapter 5, including the strong-arm clause, appear to apply in Chapter 13 cases under the provisions of 11 U.S.C. § 103(a). It is clear, however, that 11 U.S.C. § 1302(b) does not give the Chapter 13 trustee all the duties of a liquidating trustee in Chapter 7. Conspicuously absent is the duty to "collect and reduce to money the property of the estate." See 11 U.S.C. § 704(1). The avoidance of liens under the strong-arm clause might well constitute col-

lection of property of the estate. Thus, it could be argued that § 1302(b) is inconsistent with and, therefore, overrides § 103(a). A decision on this question is not necessary to address these issues.

 It is not the Trustee who seeks here to use § 544. Rather, it is the Debtors. The contract creating the security interest remained valid as between the Debtors and the creditor on the day of the filing of the Chapter 13 petition. The Debtors assert, however, that they are armed with the powers of the Chapter 13 Trustee by operation of law. No Code section supports that view. Various powers of the trustee pursuant to 11 U.S.C. § 363 are granted to the debtor exclusive of the trustee pursuant to 11 U.S.C. § 1303. In addition, 11 U.S.C. § 1304 adds various other powers for a Chapter 13 debtor engaged in business. None of the powers accorded the trustee in Chapter 5 are given to the debtor by these Sections. The legislative history of § 1303 indicates that some powers may be concurrently held by the trustee and the debtor. S.Rep. No. 95–989, 95th Cong., 2nd Sess. 140 (1978), U.S.Code Cong. & Admin.News, p. 5787. That legislative history does not authorize concurrent debtor access to the lien avoidance powers specifically granted to the trustee in Chapter 5 of the Code. The congressional example of a concurrently held power is the right to sue and be sued. Obviously, the recognition of that power does no violence to the role of the Chapter 13 trustee. Were lien avoidance powers concurrently held, the trustee would effectively lose control over lien avoidance litigation. That result should be avoided, particularly if it is reachable only by implication. When Congress intended debtors to exercise the powers of a trustee in Chapter 11, it explicitly so stated in § 1107(a). Presumably, a section analogous to § 1107(a) would be present in Chapter 13 if that were the congressional intent. The Court concludes that a Chapter 13 debtor has no "strongarm" power under the Code. Now, therefore, it is

ORDERED that the objection of the Debtors to the claim of Reliable Sewing Machine Company insofar as that objection extends to the assertion of a security interest in certain household goods is denied.