In re Lawrence Eugene HINES d/b/a Larry's Farm Service and a/d/b/a Hines Custom Farming, Soc. Sec. # 503–60–4352 and Vickie Lynn Hines, Soc. Sec. # 503–66–2587, Debtors.

Lawrence Eugene HINES and Vickie Lynn Hines, Plaintiffs,

v.

Robert ANDERSON, d/b/a Platte Implement Company of Platte, South Dakota, Defendant.

Bankruptcy Case No. 480–00009.
Adversary No. 480–0012.

United States Bankruptcy Court, D. South Dakota.

April 15, 1980.

J. Bruce Blake, Sioux Falls, S. D., for plaintiffs.

Lee A. Tappe, Tappe & Vavra, P. C., Platte, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Debtors filed their Chapter 13 Petition and Schedules on January 11, 1980. Debtors filed this Complaint for an alleged Section 547 Fraudulent Transfer to Defendant on December 21, 1979, resulting from an execution and levy by a county sheriff within ninety (90) days prior to the filing of bankruptcy to satisfy an old unsecured debt reduced to a state court judgment. Debtors further alleged that at the time payment occurred Debtors were insolvent. Debtors also alleged that as a result Defendant received more than he was entitled to receive in a bankruptcy liquidation case.

Defendant filed an Answer and Motion for Summary Judgment. In the Answer Defendant admitted that in satisfaction of the state court judgment he received the payment from Debtors.

Debtors, as debtors in possession, seek to utilize the powers provided a trustee and recover the payment as an avoidable transfer under 11 U.S.C. Section 547(b). Defendant, both in the Motion for Summary Judgment and at the hearing, raised the argument that 11 U.S.C. Section 547(c)(6) prevented the trustee from avoiding a statutory lien under 11 U.S.C. Section 545. Under 11 U.S.C. Section 547(c)(6) a trustee cannot avoid a transfer "that is the fixing of a statutory lien that is not avoidable under section 545 of this title." Thus, this Bankruptcy Court must first decide whether an old unsecured debt reduced to a state court judgment is a judicial lien or a statutory lien.

Title 11 of the United States Code defines both statutory and judicial liens. 11 U.S.C. Section 101(27) defines a judicial lien as a:

"lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

Statutory liens are defined under 11 U.S.C. Section 101(38) as:

"liens arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

Defendant, by reducing the old unsecured debt to a state court judgment, had a judicial lien under the definition of judicial lien contemplated by 11 U.S.C. Section 101(27). Since the definition of statutory lien and judicial lien are mutually exclusive, Defendant's state court judgment can not also be a statutory lien.

This Bankruptcy Court holds that Defendant's state court judgment is a judicial lien and not a statutory lien. Further, this Bankruptcy Court holds that 11 U.S.C. Section 547(c)(6) and 11 U.S.C. Section 545 are inapplicable in determining whether the payment by Debtors to Defendant is an avoidable transfer under 11 U.S.C. Section 547(b).

At the hearing Defendant agreed that this Court could assume that Debtors were insolvent at the time the transfer was made. Based on the pleadings, the hearing, and the memorandums of counsel, this Bankruptcy Court finds that the Debtors' payment to Defendant in satisfaction of the state court judgment was: (1) a transfer of property for the benefit of Defendant; (2) made on account of an old unsecured debt matured before the transfer was made; (3) made while Debtors were insolvent; (4) made on or within ninety (90) days before the date of the filing of the bankruptcy petition; and (5) that such transfer enabled Defendant to receive more than he would have received under a Chapter 7 liquidation proceeding, to receive more than if the transfer had never been made, and to receive more than he was entitled to under the Bankruptcy Code.

For the aforementioned reasons the Bankruptcy Court will allow Debtors to avoid the transfer and receive said payment from Defendant.

Debtors' counsel shall submit Findings, Conclusions and Judgment consistent with the foregoing.