In re Charles S. ALEXANDER, Helen (NMI) Alexander, Debtors.

Bankruptcy No. 2–80–00178.

United States Bankruptcy Court, S. D. Ohio, E. D.

May 19, 1981.

Norman M. Frank, Columbus, Ohio, for Beneficial Fin. Co. of Ohio.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Frank Pees, Trustee.

## ORDER ON MOTION TO COLLECT INSURANCE MONEY HELD BY CREDITOR

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of a Motion to Collect Insurance Money Held by Creditor filed by the debtors. The motion was opposed by the creditor, Beneficial Finance Company of Ohio ("Beneficial"), and the matter was heard by the Court.

The Court finds the following facts. On September 9, 1976, the debtors borrowed $2,815.82 from Beneficial and, at the same time, executed a security agreement granting Beneficial a security interest in certain household goods. One clause of the security agreement required the debtors to maintain insurance on the collateral and to designate Beneficial as the loss payee for any insurance proceeds which might be payable as a result of loss or damage to the collateral.

In the fall of 1979 Beneficial's collateral was damaged by a flood. On January 31, 1980, the debtors filed a Chapter 13 petition and plan which was confirmed by the Court on March 21, 1980. Subsequent to confirmation, the debtors filed an insurance claim for $2,238.57 with American Bankers Insurance Company of Florida based upon the replacement value of the household goods damaged by flood. It should be noted that this replacement value greatly exceeded the original purchase price for the damaged items and certainly would exceed the value [given the valuation standard set forth in *In re Damron*, 8 B.R. 323 (Bkrtcy.S.D.Ohio 1980)] that this Court would have ascribed to those items had they been a part of the collateral in existence at the time of the Chapter 13 filing. On April 18, 1980, the insurance company sent a check for $2,154.40 to Beneficial as the named loss payee on the policy. Of that amount, Beneficial applied $1,132.20 to the debt owed them by the Alexanders (leaving a balance due Beneficial of $1,466.48). The balance of $1,022.20 was paid over to the debtors. The debtors are now seeking to have $1,132.20, the amount set off by Beneficial, paid over to them by Beneficial so that they may replace the household goods which were destroyed or damaged. Beneficial, on the other hand, is seeking to have the Court ratify the set-off or, in the alternative, to have the entire amount of the insurance check ($2,154.40) paid to the Chapter 13 trustee to be distributed to creditors. The debtors have testified that the portion of the insurance proceeds which they already have received has been spent for living expenses and for replacement of some household items.

The issues before the Court are twofold. First, what are Beneficial's rights in the insurance proceeds, and second, what effect has the Chapter 13 filing had upon those rights?

Beneficial and the debtors are parties to a security agreement dated September 9, 1976, which specifically gives Beneficial a security interest in the household goods listed on the agreement. This security agreement was properly perfected on September 16, 1976, when a financing statement was filed with the County Recorder of Franklin County pursuant to Ohio Revised Code § 1309.21. Therefore, before the intervention of the bankruptcy, Beneficial's status was that of a properly perfected secured creditor. The financing statement filed with the County Recorder also noted that Beneficial claimed a security interest in any proceeds of the collateral. To the extent that the insurance money is a substitute for the original collateral, it therefore represents proceeds in which Beneficial has a perfected security interest. Ohio Rev. Code § 1309.25(A); *PPG Industries Inc. v. Hartford Fire Insurance Co.*, 531 F.2d 58 (2nd Cir. 1976). However, the intervention of the Chapter 13 proceeding has had a substantial effect upon Beneficial's rights as a creditor.

The filing of the bankruptcy petition created an estate in bankruptcy consisting of "all legal and equitable interests of the debtors in property as of the commencement of the case." 11 U.S.C. § 541(a). When the petition invoked relief under Chapter 13 of the Bankruptcy Code, all property acquired after the commencement of the case also became property of the estate. 11 U.S.C. § 1306. Because the plan of these debtors provided that all secured creditors should retain their liens, the furniture secured to Beneficial and the substitution for that collateral (the insurance proceeds), even though property of the estate before confirmation and property of the debtors after confirmation (see 11 U.S.C. § 1327), would have, with the assertion of a properly documented and timely claim by Beneficial, continued to be subject to a lien in favor of Beneficial as a creditor with a properly perfected security interest in both the furniture and any proceeds.

■ At the time the Chapter 13 petition was filed, Beneficial actually held a bifurcated secured claim. One part of the claim was secured by the household goods in the possession of the debtors as these goods existed on the date the petition was filed, January 31, 1980. A second part of the claim was secured by the insurance proceeds to the extent that those proceeds would represent the value of the collateral lost or damaged by the flood. This value turned out to be $2,154.40, the amount of the check paid to Beneficial by the insurance carrier. At or before the time of the meeting of creditors and the confirmation hearing, Beneficial's claim was valued by the Court pursuant to 11 U.S.C. § 506(a). At that time Beneficial did not assert its security in the insurance proceeds as it was required to do in a timely fashion under Rule 13–302(e) of the Rules of Bankruptcy Procedure. See, *In re Remy*, 8 B.R. 40 (Bkrtcy.S.D.Ohio 1980). Instead, it accepted the $500.00 valuation set by the Court (representing the value of the remaining household goods as of January 31, 1980). By not seeking valuation of its interest in the insurance proceeds and by not requesting that the Court's valuation include those

proceeds, Beneficial's allowed secured claim was limited to $500.00. Beneficial has not requested any reconsideration of this claim allowance. See 11 U.S.C. § 502(j). This $500.00 is being paid by the Chapter 13 trustee pursuant to the Court's Order Confirming Chapter 13 Plan, and the remainder of Beneficial's claim is included in the proposed 100% dividend to all holders of allowed unsecured claims being paid under the plan. Because the Order Confirming Chapter 13 Plan, which sets out the terms of the plan and the valuation of the allowed secured claims, is res judicata on all issues which could have been raised but were not asserted, Beneficial's allowed secured claim is limited to $500.00. 11 U.S.C. § 1327(c); *Ford Motor Credit Co. v. Lewis (In the Matter of Lewis)*, 8 B.R. 132, 7 B.C.D. 105 (Bkrtcy.D.Idaho 1980); *Associates Commercial Corp. v. Brock (In the Matter of Brock)*, 6 B.R. 105, 6 B.C.D. 1065 (Bkrtcy.N.D.Ill. 1980). Thus, Beneficial's lien was properly documented and established on the furniture and such furniture, while now property of the debtors under § 1327, is subject to the lien of Beneficial. The substituted collateral, the insurance proceeds, is not so encumbered because of the failure of Beneficial to document in a timely fashion its lien rights. Such proceeds are thus property of the debtors under § 1327 without any lien in favor of Beneficial.

■ The Chapter 13 petition and plan, filed on January 31, 1980, and setting out the terms under which the debtors, under Court supervision, would repay their creditors, also made Beneficial subject to the automatic stay against any act to recover a claim against the debtors that arose before the commencement of the bankruptcy case and prohibited Beneficial from setting-off monies received from the debtors, directly or indirectly, against any pre-petition debt owed by the debtors. 11 U.S.C. § 362(a)(6). Having found that Beneficial's allowed secured claim is limited to $500.00, the Court further finds that § 549 of the Bankruptcy Reform Act of 1978, in relevant part, gives a trustee the power to avoid a post-petition transfer of property of the estate "(1) that

occurs after the commencement of the case and... (2)(B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a)(1) and (2)(B). The check from the insurance company, representing proceeds related to property of the debtors, was not transferred to Beneficial pursuant to any provision of the Chapter 13 plan and was, therefore, an unauthorized post-petition transfer of property of the estate (or, by virtue of § 1327(b) in this case, property of the debtors). Although the Chapter 13 trustee did not seek to avoid the transfer of these insurance proceeds to Beneficial, the debtors, pursuant to 11 U.S.C. § 522(h), have the following rights:

> "(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> > (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, *549*, or 724(a) of this title or recoverable by the trustee under section 553 of this title: and
> >
> > (2) the trustee does not attempt to avoid such transfer." (emphasis added)

Once such a transfer has been avoided, the debtor may recover from the initial transferee, for the benefit of the estate, the property transferred or its value and may exempt any such property. See, 11 U.S.C. § 522(i)(1) and § 550(a).

■ Sections 549, 522(h) and 522(i) of the Bankruptcy Code are further augmented in a Chapter 13 proceeding by the provisions of 11 U.S.C. § 1327 which state:

> "(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan."

Section 1327 does not limit the property vesting in the debtor upon confirmation. Both exempt and non-exempt property vests in the debtor, free and clear of any claim of any creditor provided for by the plan. Thus, while in the Chapter 7 setting a debtor would have to show that the transfer sought to be avoided was of exempt property in order to recover it, in the Chapter 13 setting no such limitation exists. The debtor's interest in all property is defined in § 1327. Therefore, any unauthorized post-petition transfer of any property of the debtor which is avoided by the debtor pursuant to 11 U.S.C. § 549 is recoverable in full by the debtor at least to the extent that such recovery would not require a modification of the plan to assure the continued satisfaction of the "best interests of creditors" test embodied in 11 U.S.C. § 1325(a)(4). The plan of the Alexanders contemplates a dividend of 100% to all allowed unsecured claims and therefore, retention of these insurance proceeds, whether or not they are exempt under Ohio law, does not require any modification of the Chapter 13 plan as confirmed. Beneficial accepted the debtors' plan and is bound by its provisions including payment of Beneficial's claim by the Chapter 13 trustee from the funds paid by the debtors from their wages. This is the only method of payment set out by the plan, and any payment to the creditor directly from the insurance company is therefore unauthorized and recoverable by the debtors pursuant to 11 U.S.C. § 549, § 522(h) and § 1327.

With these findings, the debtors' Motion to Collect Insurance Money Held by Creditor is hereby granted. Beneficial is ordered to pay to the debtors the sum of $1,132.20, the amount retained by Beneficial from the insurance check set off against the account of these debtors.

IT IS SO ORDERED.