In re **ROCKY MOUNTAIN ETHANOL SYSTEMS, INC., Debtor.**

**ROCKY MOUNTAIN ETHANOL SYSTEMS, INC., Plaintiff,**

v.

**MANN, INCORPORATED, a New Mexico corporation, Defendant.**

**Bankruptcy No. 81–00688 M A. Adv. No. 81–0521.**

United States Bankruptcy Court, D. New Mexico.

Dec. 1, 1981.

James S. Starzynski, Albuquerque, N. M., for plaintiff.

Frank Mathew, Santa Fe, N. M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on to be heard November 5, 1981, on Plaintiff's Complaint to Recover a Preferential Transfer, for Turnover and Accounting, for Damages and for Sanctions for Violation of Automatic Stay, Plaintiff being present by its president, Larry Kruzie, and being represented through its counsel, James S. Starzynski, and the Defendant being present by its president, Ed Mann, and being represented through its counsel, Frank Mathew. The events leading up to the filing of Plaintiff's Complaint are as follows: On or about June 19, 1981, in execution of a judgment rendered in favor of defendant May 20, 1981, the Defendant caused the Sheriff of San Juan County, New Mexico, to levy upon a flat bed trailer and approximately 16 tanks. The trailer and tanks were placed for storage on the Defendant's premises where they remained until the time of trial. The Plaintiff/Debtor in possession filed its petition in bankruptcy June 22, 1981, under Chapter 11 of Title 11 of the United States Code. The Court, having heard testimony and argument of counsel and having reserved judgment on the following issues, finds:

### 1. THE DEFENDANT RECEIVED A PREFERENTIAL TRANSFER.

At the close of Plaintiff's case, the Defendant made an oral motion to the Court to dismiss Count I of Plaintiff's Complaint on the ground that Plaintiff did not meet its burden of proving a preferential transfer. The Defendant ordered the Sheriff of San Juan County, New Mexico, to levy upon working inventory belonging to the Plaintiff, to wit: a flat bed trailer and approximately 16 tanks on June 19, 1981, in satisfaction of a judgment rendered against the Plaintiff in the Eleventh Judicial District in and for San Juan County, New Mexico, on May 20, 1981.

In order to prove that a preferential transfer has occurred, the debtor or trustee

must present evidence that each condition of the preference existed at the time of the alleged preferential transfer. 11 U.S.C. Sections 522(h), 547(b).

First, preferential transfers require a "transfer," defined in 11 U.S.C. Section 101(40) as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest." Nonconsensual transfers, such as executions or other liens obtained through judicial proceedings, fall within this definition. *In re Hines*, 3 B.R. 370, 1 C.B.C.2d 961 (Bkrtcy.D.S.D.1980). Plaintiff herein presented testimony that the alleged preference involved levy of a writ of execution on a judgment rendered by the New Mexico District Court for the Eleventh District in favor of the Defendant. Therefore, the first element is met.

Second, preferential transfers must involve transfers of property of the debtor. 11 U.S.C. Section 547(b). The tanks and trailer levied by the Sheriff of San Juan County, New Mexico, pursuant to Defendant's judgment were property listed by the Debtor as assets of the estate in Schedule B–2 of Bankruptcy No. 81–00688 M A.

Next, the transfer must be to or for the benefit of a creditor. 11 U.S.C. Section 547(b)(1). The Defendant is, as was brought out in testimony, a creditor of the debtor; the Defendant is also listed as a creditor in Schedule A–3 of the petition. Although the levy was not personally performed by the Defendant, it was for the Defendant's benefit because it was an effort to satisfy a judgment in its favor.

11 U.S.C. Section 547(b)(2) requires that the transfer be for or on account of an antecedent debt owed by the debtor before such transfer was made. The "debt" arose May 20, 1981, the date that the New Mexico District Court rendered its judgment in favor of the Defendant. The transfer occurred on or about June 19, 1981, when the Sheriff levied upon Plaintiff's property. Therefore, the transfer was made on account of an antecedent debt.

The next element presented some controversy during the trial. In order for a transfer to be considered preferential under 11 U.S.C. Section 547(b), the transfer had to have been made while the debtor was insolvent. Insolvency, as determined by the Bankruptcy Code, exists when the sum of the debtor's debts is greater than the sum of the debtor's assets. 11 U.S.C. Section 101(26). The debtor is, however, aided in proving this element by a presumption set out in 11 U.S.C. Section 547(f) which states that the debtor is presumed to have been insolvent on and during the 90 days preceding the date of filing its petition in bankruptcy. The petition was filed June 22, 1981. This presumption causes the party against whom the presumption exists to come forward with some evidence to rebut the presumption, but the burden of proof remains on the party in whose favor the presumption exists. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 375 (1977), U.S.Code Cong. & Admin.News 1978 p. 5787, citing Fed.R.Evid. 301, made applicable to cases under Title 11 by Pub.L.No.95–598, Sections 251 and 252. In the case at hand, the alleged preferential transfer occurred June 19, 1981, which was within the 90 days preceding the date on which the petition in bankruptcy was filed. The Defendant, however, presented testimony rebutting the presumption. It was shown that certain assets of the Debtor were valued higher at the date of this proceeding than they were reported in the Debtor's petition in bankruptcy; the implication being that the Plaintiff was not, in fact, insolvent as of the date of the transfer since it understated the value of its assets in the bankruptcy petition. In order to carry its burden in light of this implication, Plaintiff presented testimony to the effect that the assets in question, certain contracts to construct ethanol plants, were not complete at the time of filing bankruptcy and had little value to any outside party due to the fact that the contract involved construction of an innovative plant which had little or no established record for valuation. By the time of trial, some of these plants were nearly complete and the Debtor felt that their correspond-

ing values had increased. From the evidence, the Court cannot find that the values represented in the petition were incorrect or grossly understated as of the date of filing. Therefore, sufficient evidence was presented by Plaintiff to prove insolvency as of the date of filing and the date of the transfer in question.

The next element of a preferential transfer is that the transfer must have occurred on or within 90 days before the date of the filing of the petition. 11 U.S.C. Section 547(b)(4). As noted above, this element was sufficiently supported by the evidence presented.

Lastly, the transfer must have enabled the creditor to receive more than such creditor would receive if the case were under Chapter 7 of Title 11, if the transfer had not been made and if such creditor received payment of such debt to the extent provided by Title 11. 11 U.S.C. Section 547(b)(5). Had the Defendant proceeded to execution sale, testimony indicated that a sale would have produced funds sufficient to pay Defendant in full satisfaction of its lien. Testimony further indicated that Defendant would not have been paid in full had the property of the Debtor been liquidated upon filing its petition in bankruptcy. Therefore, the Defendant did receive more from this transfer than he would have received if the transfer had been made pursuant to a liquidation under Chapter 7 or had no transfer been made at all.

Based on the above, this Court finds that the Defendant received a preferential transfer on June 19, 1981, when the Sheriff of San Juan County levied on said property. Accordingly, the Defendant's Motion to Dismiss made to the Court November 5, 1981, on Count I of Plaintiff's complaint, is denied.

2. THE NAMED DEFENDANT IN PLAINTIFF'S COMPLAINT IS THE PROPER PARTY DEFENDANT IN AN ACTION SEEKING TURNOVER OF PROPERTY TO THE ESTATE.

At the close of the Plaintiff's case, the Defendant moved the Court to dismiss Count II of Plaintiff's complaint on the ground that the Plaintiff offered no evidence showing that the named defendant was a party properly subject to a turnover order.

In support of its position, the Defendant argued that Plaintiff cannot seek a turnover of property under 11 U.S.C. Section 542 because one major requirement of the section has not been met: the Defendant, Mann, Inc., is not "in possession, custody or control, during the case, of property that the trustee may use, sell or lease." Therefore, the Defendant argues, if Plaintiff seeks to have its property returned, the Sheriff must be a named party because he is in control of the subject property. Mann, Inc., is merely a judgment creditor who has no control over the tanks and trailer and has no ability to effect a return of said property to the estate. In support of its position, the Defendant cited two New Mexico cases which appear to stand for the proposition that the Sheriff of San Juan County, New Mexico, was the party in possession of the subject property; consequently, the Sheriff should be named defendant in Plaintiff's complaint for turnover.

A closer reading of caselaw cited by the Defendant reveals that these cases do not support this proposition. *Riggs v. Gardikas*, 78 N.M. 5, 427 P.2d 890 (1967), presented the question of whether notice of a prior unrecorded lien given orally to the sheriff who levied upon property pursuant to a writ of execution was sufficient notice for the judgment creditors for whom the levy was made. Citing 1 Jones, *Chattel Mortgages and Conditional Sales* Section 311 (Bowers Ed. 1933), the New Mexico Supreme Court reasoned that notice given orally to the sheriff who was proceeding to levy upon property is not sufficient notice for the creditor for whom the levy is made. *Id.* at 7, 427 P.2d 890. The Court then stated that the sheriff who executed levy acts as an agent for the judgment creditor and that the sheriff acting in such a capacity is merely a nominal party to lawsuits

relating to creditors' notice. *Id.* at 7, 427 P.2d 890.

The Court in *Riggs* focused on the issue of sufficient notice; the party to whom notice of prior liens is indispensible is the judgment creditor for whom execution is performed. Notice to the sheriff is unnecessary. If *Riggs, supra,* can be applied to the case at bar, a consistent conclusion cannot be, as the Defendant argues, that the sheriff is the party necessary to lawsuits involving the property subject to the Defendant's judicial lient. Instead, the correct conclusion would be that the judgment creditor, Mann, Inc., is the proper party to this action.

*State v. Weber,* 76 N.M. 636, 417 P.2d 444 (1966), presented the Court with the question of title of property held pursuant to a writ of execution. The Court found that after execution, the property was *custodia legis,* and not property owned by the judgment lien creditor. The focus of this case was on title or absolute possession of the chattels at issue.

The Defendant, Mann, Inc., does not bring into issue ownership of the tanks and trailers levied upon. The Defendant, however, contends that this case supports its position that the sheriff is the party in possession of the subject property. This argument is misplaced because *Weber* holds that absolute possession remains not with the sheriff who executed on the property or with the party holding a security interest therein, but with the original owner. "Possession" in *Weber* refers to absolute possession. Possession in 11 U.S.C. Section 542(a) refers to property possessed by the estate or trustee which is not in the immediate control of the estate or trustee.

The New Mexico statute dealing with release from levy is Section 39–4–6 NMSA (1978). This statute clearly states that the plaintiff or his attorney is the party in control of property levied upon by a sheriff. Section 39–4–9 NMSA (1978) directs that exclusive control over service and return of the execution lies in the plaintiff or his agent. Reading *Weber* in conjunction with Sections 39–4–6 and 39–4–9 NMSA (1978) is

basis for finding that Defendant, Mann, Inc., is the party controlling disposition of the levied-upon property.

Although Defendant is correct in pointing out that it is not a "custodian" as defined in 11 U.S.C. Section 101(10), the named Defendant was in custody, control and possession of the subject property, therefore fulfilling all requirements of 11 U.S.C. Section 542(a). Consequently, this Court must deny Defendant's Motion to Dismiss because Plaintiff did carry its burden of proving that the named defendant is subject to a turnover order under 11 U.S.C. Section 542.

This Court entered an order November 13, 1981, ordering Plaintiff to place certified funds in an amount corresponding to the value of the levied property with the Clerk of the Bankruptcy Court in exchange for Defendant's return of the levied property to the Plaintiff. Since this Court now finds the Defendant subject to a turnover order pursuant to 11 U.S.C. Section 542, the Clerk of the Court is ordered to return said certified funds to the debtor in possession.

11 U.S.C. Section 542(a) gives this Court authority to require parties in possession of property of the estate to account for the value of said property. The subject property here was never used while it sat on Defendant's premises, thereby obviating the necessity for an accounting.

### 3. DAMAGES

■ Having found that the Plaintiff is entitled to a turnover order, there remains the question of damages. Plaintiff was required to employ counsel to file and litigate this matter. Plaintiff has asked for an award of reasonable attorneys fees.

The Court finds that the Plaintiff should recover attorneys fees in the sum of $250.00.

While there was evidence presented relating to damages, the Court finds there was no evidence presented as to the fair rental value of the trailer in question, nor was evidence presented to show the use of such trailer during the time it was subject to the writ of execution.

Therefore, no damages will be awarded Plaintiff for damages incurred by Plaintiff due to unavailability of the trailer for Plaintiff's use.

4. PLAINTIFF VOLUNTARILY DIS- MISSED COUNT IV OF ITS COM- PLAINT.

An order consistent with the above will enter.