**In re Joseph Harley WALLS, Jr., Debtor.**

**Joseph Harley WALLS, Jr., Plaintiff,**

**v.**

**APPALACHIAN TIRE PRODUCTS, INC., Bob Bailey, Sheriff of Cabell County, and Phyllis J. Rutledge, Clerk, Circuit Court of Kanawha County, Defendants.**

Bankruptcy No. 81–30033.
Adv. No. 81–0065.

United States Bankruptcy Court,
S. D. West Virginia.

Feb. 17, 1982.

William J. Davis, Williamson, W. Va., for debtor-plaintiff Joseph Harley Walls, Jr.

Larry R. Ellis, Charleston, W. Va., for defendant Appalachian Tire Products, Inc.

William T. Watson, Huntington, W. Va., for defendant Bob Bailey, Sheriff of Cabell County.

## OPINION

EDWIN F. FLOWERS, Bankruptcy Judge.

■ Joseph Harley Walls, Jr., a chapter 13 Debtor, seeks to avoid the lien of Appalachian Tire Products, Inc. [Appalachian] against a 1975 Peterbilt truck owned by the Debtor. The case was presented upon a stipulation of facts which reads in its entirety as follows:

> Judgment was obtained against Joseph Walls, d/b/a J & K Trucking in the Circuit Court of Kanawha County on the 30th day of January, 1981, in an amount of $3,043.79, all of which sum represented compensatory damages and none of which represented punitive or exemplary damages. A Writ of Execution was issued on the same date, that being January 30, 1981, by Phyllis J. Rutledge, Clerk of the Court. Sergeant Gerald R. Walls of the Cabell County Sheriff's Department made a levy on the 1975 Peterbilt truck located at White Fitzgerald's Motor Truck Sales in or near Huntington, West Virginia, on the 2nd day of March, 1981. Sergeant Walls notified Tom Fitzgerald, the assistant manager or co-manager of the White Fitzgerald's Motor Truck Sales. He also personally notified Joseph Walls and posted notices of attachment on the inside of the windshield of the truck in a visible position.

The governing facts are as follows: Appalachian obtained a judgment against the Debtor on January 30, 1981, the Debtor filed his bankruptcy petition on February 27, 1981, and a writ of execution was levied by the sheriff on the Debtor's truck on March 2, 1981.[1]

---

1. The record does not reveal the date which the execution on Kanawha County judgment was delivered to the Sheriff of Cabell County for levy. In West Virginia the delivery of the writ to the sheriff, rather than the issuance by the Clerk, creates the execution lien. W.Va.Code § 38–4–8 (1966). If the writ was delivered to the sheriff after the bankruptcy filing then the automatic stay was violated and the purported execution lien is subordinate to the hypotheti-cal status given the trustee as an execution lien creditor on the date the bankruptcy petition was filed. The Appalachian lien would be avoidable by the trustee under the provisions of either § 549 or § 544(a) of the Bankruptcy Code. Appalachian has been given the benefit of the doubt and for the purposes of this Opinion it has been assumed that the writ of execution was delivered to the Sheriff of Cabell County and the lien created prior to the date of

The Bankruptcy Code perpetuates the policy under the former Bankruptcy Act of invalidating certain transfers of the debtor's property prior to bankruptcy. Specifically addressed by the Code are preferences under 11 U.S.C. § 547, fraudulent transfers under 11 U.S.C. § 548, and statutory liens under 11 U.S.C. § 545. In addition, the trustee under § 544 may avoid transactions which would have been vulnerable to the challenge of certain creditors. The Plaintiff relies upon the trustee's power to avoid Appalachian's lien as a preferential transfer under § 547 of the Bankruptcy Code. Appalachian responds denying that §§ 522(f), 545, 547 or 724[2] authorize relief for the Debtor. The Court agrees with the Plaintiff that the lien is avoidable under § 547.

■ Since the execution lien arose within 90 days prior to the filing of the bankruptcy petition, secured an antecedent debt during a period of time when the Debtor was presumed to be insolvent and would provide Appalachian with a full and immediate recovery of its claim instead of a lesser amount, the requirements of 11 U.S.C. § 547 are met. *See Dodson v. Wessex Mining Corp. (In re Boden Mining Corp.)*, 11 B.R. 562 (Bkrtcy.S.D.W.Va.1981).

A problem remains which is not so easily resolved, however. Section 547(b) provides that "the trustee may avoid" the kind of transfer which meets the criteria of the preference section. The Trustee does not seek relief here, but rather the Debtor attempts to use that power.

Certain rights and powers of the chapter 13 debtor are specifically enumerated in the Code. Under 11 U.S.C. § 1303 the debtor

has "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(1)." In addition, when engaged in business, the debtor has "exclusive of the trustee, the rights and powers of the trustee" under §§ 363(c) and 364. 11 U.S.C. § 1304(b). These exclusive rights and powers all pertain to the use, sale and lease of the debtor's property and to his obtaining credit. In at least one of these sections which contain exclusive rights conferred upon the debtor[3] there is a mandate to respect the rights of secured parties in accordance with § 362. Nowhere can be found any statutory authorization to the debtor, exclusive of the trustee, to avoid liens or transfers. The canon of statutory construction, *inclusio unius est exclusio alterious*, suggests that omission of the § 547 avoidance power from the powers given exclusively to the debtor under §§ 1303 and 1304 was intentional. Such an interpretation is supported by comparing chapter 11 with chapter 13. In chapter 11, the debtor in possession has "all the rights, other than the right to compensation . . . and powers . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a). The chapter 13 counterpart of this section is much more narrowly drawn.

The Debtor urges that the right to avoid liens should be implied from his exclusive right to deal with his property and from the assumption that he has the right to sue and be sued.[4] Conceding the Debtor's right to sue or be sued does not vest in him the rights of a trustee. Moreover, as to any implied right to avoid liens, to the contrary, as noted in § 363(d) there is an express mandate to respect liens.

the bankruptcy filing. Similarly, neither the parties nor this Opinion deal with the requirement of W.Va.Code § 17A–4A–9 (1974 Replacement Vol.) that execution upon a motor vehicle must be reported by the sheriff to the Department of Motor Vehicles before the execution lien will be effective as to third parties.

2. 11 U.S.C. § 724(a) provides for the avoidance of liens which secure a "fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages" as described in § 726(a)(4). This section is not applicable in a chapter 13 case. *See* 11 U.S.C. § 103(b).

3. Section 363(d) provides that the right to use, sell, or lease property is subject to the relief granted to secured creditors who sought relief from the automatic stay.

4. *See* H.R.Rep. 95–595, 95th Cong., 1st Sess. 326 (1977); S.Rep.No. 95–989, 95th Cong., 2d Sess. 37 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5823, 6283. The reports state that the trustee is the representative of the estate except "section 1107 gives the debtor in possession these rights of the trustee . . . and may sue and be sued. The same applies in a chapter 13 case."

704

While the chapter 13 debtor does not have the exclusive right to use the trustee's avoiding powers, all is not lost. The chapter 13 trustee has those rights as does his chapter 7 counterpart. Section 547, which vests the trustee with the right to avoid preferential transfers, is made applicable to chapter 13 cases by § 103(a) of the Code. Nowhere in chapter 13 is the chapter 5 power of the trustee curtailed.

Although the chapter 13 trustee has avoiding powers, his election of when to use them presents an awkward procedural problem. Absent the guidance of new Rules governing the situation, it would appear to the Court that the debtor in chapter 13 may propose as a part of his plan the use of the avoiding powers which the trustee has the discretion of pursuing. Where the use of the avoiding powers will achieve a more equitable distribution among creditors or where it will aid in a more appropriate classification of claims, the trustee likely should proceed with such action at the relation of the debtor. The chapter 13 trustee has a duty to "advise, other than on legal matters, and assist the debtor in performance under the plan." 11 U.S.C. § 1302(b)(3). He has been described as "a hybrid ombudsman." *In re Kutner*, 3 B.R. 422, 425, 6 B.C.D. 289, 291 (Bkrtcy.N.D.Tex. 1980). While not commanded by this subsection of the Code, the use of the avoiding powers by the chapter 13 trustee to serve the purposes of the debtor's plan is consistent with such a special duty.

While relief must be denied the Debtor in this proceeding, entry of an order will be withheld for fifteen days to permit the Trustee to elect whether to intervene.