**In re Richard Verne JOHNSON, d/b/a Johnson Land Company, Debtor.**

**Bankruptcy No. 82 B 02671 C.**

United States Bankruptcy Court, D. Colorado.

Dec. 30, 1982.

Andrea S. Berger, Denver, Colo., for debtor.

Janet G. Macfarlane pro se as standing Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

PATRICIA ANN CLARK, Bankruptcy Judge.

This matter comes before the Court *sua sponte,* on the Court's objection to the confirmation of the Debtor's Chapter 13 Plan.

A hearing on the matter was held on December 6, 1982.

The Debtor's Chapter 13 schedules reveal that on or about July 29, 1982, the Debtor, through a complicated series of real estate transactions, conveyed away all his interest in a mobile home park located in Fountain, Colorado. The Court's objection concerns the possible existence of a fraudulent transfer which may be avoidable under 11 U.S.C. § 548. If the property could be recovered for the estate under a Chapter 7 proceeding but not under a Chapter 13 proceeding, the plan would not meet the best interests test under 11 U.S.C. § 1325(a)(4) and could not be confirmed.

For the purposes of the hearing on this matter, the Debtor and the Chapter 13 trustee stipulated that the transfer was in fraud of creditors and that there was value in the Debtor's interest in the mobile home park which could be recovered for the estate. The debtor is unable to pursue the litigation but would amend his plan to allow the trustee to recover the transfer. Therefore, the only issue that remains before the Court at this time is whether the Chapter 13 trustee has the same powers as a Chapter 7 trustee to avoid a fraudulent transfer and recover the value of the property for the estate.

It is the position of the Chapter 13 trustee that she does not have these powers. The trustee's argument is based on the description of the Chapter 13 trustee's duties in 11 U.S.C. § 1302(b). This section lists several of the duties of a Chapter 7 trustee under 11 U.S.C. § 704, but omits the duty to "collect and reduce to money the property of the estate" found in 11 U.S.C. § 704(1). The trustee asserts that because of the omission of Section 704(1), she lacks the power to marshall assets of the estate, and thus has no power to exercise the avoidance powers of Chapter 5.

The Debtor's position is that the Chapter 13 trustee may avoid a fraudulent transfer under 11 U.S.C. § 548. The Debtor contends that the omission of Section 704(1) from Section 1302(b) was meant to insure that a Chapter 13 trustee's duty to collect the property of the estate is discretionary rather than mandatory. According to the Debtor, Congress intended to free the Chapter 13 trustee from pursuing property that would be of inconsequential value to the estate.

The Court concludes that the Chapter 13 trustee may exercise the power granted in 11 U.S.C. § 548 to avoid fraudulent transfers. The Court recognizes that there is an ambiguity created by the omission of the duty to collect and liquidate the property of the estate and that this may be read as inconsistent with the exercise of Chapter 5 avoidance powers by the Chapter 13 trustee. See In re Carter, 2 B.R. 321 (Bkrtcy.Colo.1980) wherein this ambiguity was discussed. However, the overwhelming implication of the Code read in its entirety is that the Chapter 13 trustee has the same power to avoid transfers as a trustee under Chapter 7.

The Code, in 11 U.S.C. § 103(a), provides that all of the provisions of Chapter 5 are to apply in a Chapter 13 case. Further, Section 548 itself states, without limitation, that "the trustee may" avoid certain transfers. Also, 11 U.S.C. § 546 clearly contemplates the appointment of a trustee in a Chapter 13 case in which Chapter 5 powers are utilized. Finally, Chapter 13 has no express limit on the power of the trustee to use the avoidance powers of Chapter 5. If Congress had intended to restrict the Chapter 13 trustee's use of any of the Chapter 5 avoidance powers, it could have expressly so stated.

Other courts faced with this issue have also reached the conclusion that the Chapter 13 trustee may exercise avoidance powers. In In re Colandrea, 17 B.R. 568 (Bkrtcy.Md., 1982), the court held that the Chapter 13 trustee could avoid transfers under 11 U.S.C. § 547 and § 548. The court discussed several Code provisions, including Section 103(a), Section 548 and Section 1302(b), and stated that, "Nothing in the provisions of Chapter 13 of the Code expressly limits a Chapter 13 Trustee's powers to those set forth only in that chapter. Furthermore, the Code taken as a whole

makes it evidence that a Chapter 13 Trustee possesses powers established elsewhere in the Code."

The case of *In re Walls,* 17 B.R. 701 (Bkrtcy., S.D.W.Va., 1982), involved a debtor who sought to avoid an execution lien under Section 547(b). The court held that a Chapter 13 debtor could not exercise avoidance powers, but that a Chapter 13 trustee could. The court stated that the use of Chapter 5 powers was discretionary with the trustee and that the exercise of avoidance powers was consistent with the Chapter 13 trustee's duty under 11 U.S.C. § 1302(b)(3), to advise and assist the debtor in performance under the plan.

The court in *In re Reeves,* 17 B.R. 383 (Bkrtcy., W.D.La.1982), recognized that the trustee in Chapter 13 is in a "distinctly different position" than a trustee in Chapter 7. However, it decided that 11 U.S.C. § 544 did apply to a trustee in Chapter 13 because of the language in 11 U.S.C. § 103(a) and the absence of express limitations in Chapter 13 on the Chapter 13 trustee's powers.

The omission of 11 U.S.C. § 704(1) from the Chapter 13 trustee's duties cannot be read so far as to preclude the use of the Chapter 5 avoidance powers by the trustee. The most likely reason for its omission was to make it clear that the Chapter 13 trustee is not involved in the liquidation of the debtor's property. The fact that the Chapter 13 trustee does not have the *duty* to collect and liquidate the property of the estate does not limit the *power* of the trustee to avoid transactions under the provisions of Chapter 5. The powers of a trustee in Chapter 13 do not come exclusively from Section 1302(b). Without some express limitation on the Chapter 13 trustee's power, the Code must be construed as granting to the Chapter 13 trustee the avoidance powers given to all trustees in Chapter 5. However, as to all trustees, the avoidance powers are discretionary. It is left to the Chapter 13 trustee's judgment to determine when it is feasible and efficient to exercise the avoidance powers. Since the Chapter 13 trustee has the power to avoid the trans-

fer of the Debtor's interest in the mobile home park under 11 U.S.C. § 548, a plan providing for such event would satisfy the best interests test of Section 1325(a)(4).

ORDERED that by January 10, 1983, the Debtor shall file an amended plan which provides that the Chapter 13 trustee may take all necessary action to recover the property transferred by the debtor in violation of 11 U.S.C. § 548. Such a plan will meet the best interests test of 11 U.S.C. § 1325(a)(4) and may be confirmed.