**In re Jimmy L. BERRY, Debtor.**

**Jimmy L. BERRY, Plaintiff,**

v.

**Robert PATTISON, Defendant.**

Bankruptcy No. 83–01317.
Adv. No. 83–0047.

United States Bankruptcy Court,
E.D. Michigan, S.D.
Flint Division.

May 31, 1983.

James L. Rowe, Flint, Mich., for debtor.

Philip H. Weaver, Fenton, Mich., for defendant.

## OPINION

STANLEY B. BERNSTEIN, Bankruptcy Judge.

The issue raised in this adversary proceeding is whether a Ch. 13 debtor can avoid a pre-petition execution lien on personal property and cause the property to be turned-over to him.

*Facts:*

On November 15, 1982, and on December 13, 1982, the defendant, Robert Pattison, obtained judgments against the debtor in the small claims and landlord-tenant divisions of the state court in the aggregate amount of $922.00 plus costs. On December 18, 1982, the defendant, as judgment creditor, succeeded in having the sheriff execute on the judgment by seizing the debtor's camper. The camper is a removable unit mounted on a pick-up truck. The parties have stipulated that the value of the camper is approximately equal to the judgment debts.

The debtor responded to the execution by filing a Ch. 13 petition on December 21, 1982. The debtor's schedules listed only two creditors, a consumer finance company with a fully secured claim of $642.05, and the judgment creditor.

The debtor's plan was confirmed—no objections or motions to dismiss had been filed. Since the judgment creditor failed to file a secured claim, the debtor treated the claim as unsecured. The plan provided for payments of $55 a month, applied first to administrative fees, next to secured debt, and finally to full payment on the judgment creditor's claim.

On February 11, 1983, the debtor filed a complaint against the defendant in which he sought to avoid the execution lien and to have an order entered for turn-over of the property. The debtor filed a motion for summary judgment. At the hearing on the motion, neither party cited any cases to the court, nor did either party file a brief.

Analysis:

The debtor's theory of relief is that he has a right to claim an exemption of the camper under 11 U.S.C. § 522, that the execution lien on the camper is an involuntary transfer impairing his exemption, that the Ch. 13 trustee could avoid this lien, that the Ch. 13 debtor can execute the avoiding power when the Ch. 13 trustee has not acted, and that under 11 U.S.C. § 542, once the lien is avoided, the property can be turned over to the debtor.

The defendant denies that the Ch. 13 trustee or debtor has any avoiding powers, that the camper is not necessary to the debtor's performance under his plan, and that the case was filed in bad faith. As to the last point, the Court ruled at the hearing on the pending motion that the objection to confirmation on grounds of bad faith was untimely—the defendant received notice of the meeting of creditors, the confirmation hearing, and the entry of the order of confirmation, but took no action.

A proper analysis of this apparently simple issue is unfortunately quite problematic. In the host of reported decisions, one court has squarely faced the difficulties of statutory construction raised by this issue. *In re Carter,* 2 B.R. 321 (Bkrtcy.D.Colo.1980). The threshold problem is that the Ch. 13 trustee is not granted *any* avoiding powers under the Code. 11 U.S.C. § 1302(b) defines the rights and duties of the Ch. 13 trustee by incorporating by reference the rights and duties of a Ch. 7 trustee under 11 U.S.C. § 704, but omits sub-section 704(1) which pertains to the collection and reduction to money of the property of the estate. The *Carter* court draws the inference that the exercise of the trustee's avoiding powers under Ch. 5 of the Code is derivative

from the power to collect (or recover) property of the estate.

Part of the difficulty is that in Ch. 11 cases, the debtor is expressly authorized in 11 U.S.C. § 1107(a) to perform the duties of a Ch. 7 trustee, including the collection of property under 11 U.S.C. § 704(1). The *Carter* court, therefore, concludes that since Congress understood and provided the linkage section of 1107(a) in Ch. 11 cases, it would have adopted an analogous linkage section in Ch. 13 cases, had that been its intent. Congress' failure to vest avoiding powers in the Ch. 13 trustee must, therefore, reflect an intent to deny the Ch. 13 trustee, and derivatively the Ch. 13 debtor, from exercising such powers.

There is, unfortunately, no legislative history supporting the logical inference drawn by the *Carter* court; nor is there any legislative history to the contrary. One rather suspects that Congress simply failed to appreciate the problem of the linkage—the provisions in Ch. 13 are skeletal, and in many instances evidence an extraordinary lack of "resolution" or specificity in draftsmanship.

Cutting somewhat against the analysis of the *Carter* court is the language of 11 U.S.C. § 103(a) which applies Chs. 1, 3, and 5 "whole-hog" to Chs. 7, 11, and 13. 11 U.S.C. § 103(a) replaced § 602 of the Act; under § 602, the "general" provisions of Chs. I through VII of the Act applied to Ch. XIII unless inconsistent. Perhaps the "inconsistency" test was too open-ended for ready application but it was not as flat-footed as the present § 103(a). If Congress had been more careful in its draftsmanship, an analogous section to 11 U.S.C. § 1107(a) would have been included to tie the Ch. 13 trustee to the multifold avoiding sections of Ch. 5, had that been Congress' intent.

The problem is whether it is proper for this Court to engage in minor "interstitial" judicial legislation so as to avoid finding 11 U.S.C. § 103(a) ineffective. This Court believes that a "minimalist" approach to judicial legislation is all that is permissible. Although there do not appear to be any significant social, political, or economic interests that will be affected whether or not this Court corrects a minor defect, it is possible to make a very limited or modest revision. The Court finds guidance in this effort by considering whether the avoiding power would have to be exercised in order to recover an asset necessary for the performance of the debtor's plan. Under the facts of this case, the debtor cannot argue that the recovery of his leisure camper is necessary to perform his plan. Were such recovery necessary, this Court would "read" § 103(a) as authorizing the debtor to invoke 11 U.S.C. § 547 to avoid a preferential transfer.

The Court does not find that it is necessary nor proper to consider the provisions under 11 U.S.C. §§ 522(g) and (h) governing the avoidance of liens which impair a debtor's exemptions. While it is true that § 522 on exemptions "applies" to Ch. 13 cases under the general incorporation provision of 11 U.S.C. § 103(a), this Court does not discern any relevancy of the exemption provision to Ch. 13 for purposes of lien avoidance.[1] A Ch. 13 debtor does not claim exemptions; all of his assets, whether acquired before or after his petition is filed, are revested in the debtor after confirmation. The whole point of a Ch. 13 case is to avoid the liquidation of pre-petition assets. To be sure, exemptions are considered for *computational* purposes in determining whether a plan should be confirmed under 11 U.S.C. § 1325(a)(4) or a hardship discharge be granted under 11 U.S.C. § 1328(b)(2); but the Ch. 13 trustee does not distribute non-exempt assets to the creditors or the estate. If a Ch. 13 debtor by definition does not *exercise* a claim of exemption in order to remove assets from distribution by the trustee, then *a fortiori* a

---

1. For a contrary analysis, see *In re Slykerman*, 29 B.R. 82, No. 82–2550 (Bkrtcy.E.D.Mich. Jan. 12, 1983), *In re Coleman*, 21 B.R. 832 (Bkrtcy.S.D.Tex.1982), *In re Tackett*, 21 B.R. 107 (Bkrtcy.D.N.M.1982), *In re Alexander*, 11 B.R. 313 (Bkrtcy.S.D.Ohio 1981), *In re Hines*, 3 B.R. 370, 6 B.C.D. 198 (Bkrtcy.D.S.D.1980), and *In re Saberman*, 3 B.R. 316 (Bkrtcy.N.D.Ill.1980). Under the Act, See *City Nat'l. Bank & Trust Co. v. Oliver*, 230 F.2d 686 (10th Cir.1956).

Ch. 13 debtor cannot invoke the avoiding powers to avoid impairment of exemptions.

In light of the foregoing considerations, the debtor's motion for summary judgment is DENIED.

SO ORDERED.