**In re Harlie L. TEIGEN, and Jane Teigen, Debtors.**

**Dennis C. HOEGER, Trustee, Plaintiff,**

v.

**Harlie L. TEIGEN, and Jane Teigen, Bar 11 Ranch, Ltd., a Montana corporation, and Ivan E. Teigen, Nathan O. Teigen, Marilyn J. Teigen–Olson, William Harlie Teigen, Matthew Lee Teigen, Defendants.**

Bankruptcy No. 89–11533–012.

Adv. No. 90/0082.

United States Bankruptcy Court, D. Montana.

Feb. 19, 1991.

James A. Patten, Patten Law Firm, P.C., Billings, Mont., for plaintiff.

Richard O. Harkins, Ekalaka, Mont., for defendants.

Dennis C. Hoeger, Bozeman, Mont., Chapter 12 Trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, the following matters are pending:

1. The standing of the Chapter 12 Trustee to bring this action under §§ 544 and 548 of the Code;

2. Defendants' Motion to Dismiss; and

3. Plaintiff Trustee's Motion for Summary Judgment.

1. *Trustee's Standing.*

This adversary proceeding seeks to avoid certain alleged fraudulent transfers between Chapter 12 Debtors, family members, and a family corporation. The Chapter 12 Trustee commenced this action under §§ 544(b) and 548 of the Code.

Under § 1203, which is patterned after § 1107 of the Code, it is provided:

"Subject to such limitations as the court may prescribe, a debtor in possession shall have all the rights, other than the right to compensation under section 330, and powers, and shall perform all the functions and duties, except the duties specified in paragraphs (3) and (4) of section 1106(a), of a trustee serving in a case under chapter 11, including operating the debtor's farm."

5 *Collier on Bankruptcy*, ¶ 1203.01, p. 1203–3 (15th Ed.) states in discussing Section 1203:

"All of the avoidance powers of chapter 5 of the Code are also vested in the debtor in possession. These include the

power to avoid certain transfers and obligations under section 544, statutory liens under section 545, preferential transfers under section 547, fraudulent transfers and obligations under section 548, postpetition transfers under section 549, and improper setoffs under section 553. The debtor in possession also has the authority under section 554 to abandon any property of the estate that is burdensome or of inconsequential value or benefit to the estate."

By contrast, the duties of the Chapter 12 Trustee are limited under § 1202(b). Specifically to the present case, § 1202(b)(2) permits the Court to order the Trustee to perform the duties of a Chapter 11 Trustee under Section 1106(a)(3) and (a)(4) if the Court finds cause to do so, and if the Court has been requested to do so by the Trustee, the United States Trustee, or by any other party in interest. Section 1106(a)(3) directs the Trustee to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, the desirability of continuance of the Debtor's business, and any other matters pertinent to the cause or the formulation of a Plan. Section 1106(a)(4) directs the Trustee to file and serve a report regarding the Trustee's investigation. *See, e.g., In re Graven,* 101 B.R. 109 (Bankr.W.D.Mo.1988), *enforcing,* 84 B.R. 630 (Bankr.W.D.Mo.1988), where the court directed the Trustee to investigate pre-petition activities of the Chapter 12 Debtors, and then considered, after investigation, the proper disposition of the case by converting the case to Chapter 7.[1] As 5 *Collier on Bankruptcy,* ¶ 1202.1, p. 1202-7 points out:

"Overall, the duties of the Chapter 12 Trustee are similar to those of the Chapter 13 Trustee, though of a lesser magnitude. The most notable differences between the two is that the Chapter 12 Trustee is not charged with the Chapter 13 Trustee's duty of advising and assisting the Debtor in performing under the Plan. Nor will the Chapter 12 Trustee investigate the Debtor's business unless specifically ordered by the court. This reduced role reflects a congressional decision to allow the family farmer to continue the farming business without assistance or interference from the Trustee."

There are two ways in which the Chapter 12 Trustee's ordinary duties are expanded. One is to remove the Chapter 12 Debtor from possession for cause under § 1204, upon which event the Chapter 12 Trustee duties are expanded under § 1202(b)(5) to encompass the duties, among others, of § 1203. Upon this occurrence, the Chapter 12 Trustee will then be granted the avoidance powers under Chapter 5, described above. The other method is for the Chapter 12 Trustee to seek authority to limit the Chapter 12 Debtor's rights and duties under § 1203, which is prefaced by the proviso, "Subject to such limitation as the court may prescribe, * * *." Upon proper application of a Chapter 12 Trustee, the power of the Chapter 12 Debtor–In–Possession to exercise Chapter 5 avoidance powers may be reduced, and that power placed in the Chapter 12 Trustee where the facts indicate that the Debtor is not performing his duties in the best interests of the creditors. The proviso in § 1203 is nearly identical to language contained in § 1107(a) ("Subject * * to such limitations or conditions as the court prescribes * * "), which 5 *Collier on Bankruptcy,* ¶ 1107.2, p. 1107-2 (15th Ed.) discusses as follows:

"The beginning language of section 1107(a) is easily overlooked but can have real importance in any given situation. * * * Thus, that which follows and gives to the debtor in possession the rights and powers of a trustee is subject to any conditions that the court may impose."

---

**1.** In two Chapter 12 cases, *In re Caldwell,* 101 B.R. 728 (Bankr.Utah 1989) and *In re Reinbold,* 110 B.R. 442 (Bankr.D.S.D.1990), the courts converted the cases to Chapter 7 under § 1208(d), based on findings of fraud of the Debtors. *Reinbold* indicates the remedy to treat fraud is either dismissal or conversion under § 1208. *Id.* at 445-446. *See also, In re Zurface,* 95 B.R. 527 (Bankr.S.D.Ohio 1989). Conversion to Chapter 7 allows the Trustee to seek return of all assets fraudulently transferred. This remedy has not been sought in this case.

*Matter of Gaslight Club, Inc.,* 782 F.2d 767, 770–771 (7th Cir.1986) holds:

> "The Bankruptcy Code authorizes the bankruptcy court to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.' 11 U.S.C. § 105(a). Further, it states that the rights and powers of a debtor in possession are subject 'to such limitations or conditions as the court prescribes.' 11 U.S.C. § 1107(a). The case law demonstrates that the court has considerable authority to interference with the management of a debtor corporation in order to protect the creditors' interests."

If, for example, as the Chapter 12 Trustee charges in the present case, the Debtor–In–Possession refuses to commence avoidance actions to protect creditors because the Debtor willingly participated in such activities, then the Chapter 5 avoidance powers of the Debtor may, upon proper application of the Trustee or creditor, be circumscribed and those powers placed in the Chapter 12 Trustee.[2]

In the pending action, the Chapter 12 Trustee has not sought a Court Order to either investigate the pre-petition activities of the Chapter 12 Debtor under § 1202, restrict the Chapter 12 Debtors duties and powers under § 1203, remove the Debtor as Debtor–In–Possesson under § 1204, or convert this case to Chapter 7 under § 1208. I conclude, based upon the above discussion, that until the Chapter 12 Trustee triggers a Court order authorizing the Trustee, as opposed to the Debtor–In–Possession, to bring this avoidance proceeding, the Chapter 12 Trustee has no standing as a Plaintiff in this cause. By reason of this holding, a decision on the other pending Motions is presently unnecessary.

IT IS ORDERED the Chapter 12 Trustee Plaintiff shall have ten (10) days to make proper application to gain standing to continue this action or this adversary proceeding will be dismissed.

---

**2.** The Debtor and Trustee's avoidance powers are different under Chapter 13, where case law has developed a split of authority as to the power of a Chapter 13 Debtor, vis-a-vis the Chapter 13 Trustee, to bring an avoidance action. *Compare, In re Mast,* 79 B.R. 981 (Bankr. W.D.Mich.1987) with *Matter of Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985). Clearly, rights and duties of a Chapter 13 Trustee and Debtor are not the same as those in a Chapter 12 case, which is patterned after Chapter 11 statutory provisions.