**In the Matter of C. Edwin and Wanda L. HALL, Debtor.**

**Bankruptcy No. 82–1255.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 8, 1982.

David W. Steen, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., trustee.

Shirley C. Arcuri, Tampa, Fla., for Glen E. Lanier.

## ORDER ON APPLICATION FOR DETERMINATION OF SECURED STATUS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon an Application for Determination of Secured Status filed by the Chapter 13 Debtors, C. Edwin and Wanda L. Hall. The matter under consideration involves a Security Agreement executed by the Debtors granting Glen E. Lanier a security interest in certain of the Debtors' equipment, inventory and after acquired property as security for an obligation in the amount of $5,842.10.

The Debtors contend that Mr. Lanier failed to properly perfect his security interest by filing a financing statement or copy of the security agreement with the Secretary of State as required by § 679.401(1) Fla.Stat. Mr. Lanier argues, however, that as Chapter 13 Debtors, the Halls have neither standing to raise the issue of non-perfection nor power to avoid the obligation pursuant to the Trustee's lien avoidance power of § 544.

The Court having heard argument of counsel and reviewing the record finds that the security interest at the core of this controversy was never properly perfected, as required by Florida law, and thus, the sole question for the Court's consideration is whether a Chapter 13 Debtor is empowered to exercise the Trustee's § 544 lien avoidance power. This Court is satisfied that a Chapter 13 Debtor may exercise the Trustee's "strong arm" powers under § 544 of the Code.

Section 1302 of the Code provides for the appointment of a Chapter 13 trustee. Mr. Lanier, the creditor, suggests that because §§ 1303 and 1304 delineate specific rights and powers accorded the Chapter 13 debtor but fail to expressly include others, i.e. the § 544 avoiding powers, the powers and duties omitted from §§ 1303 and 1304 are given to the Trustee by virtue of § 1302.

Somewhat in keeping with this line of reasoning is the 1980 decision in *In re Carter,* 2 B.R. 321, 5 BCD 1236 (Bkrtcy.D.Colo. 1980) where upon similar facts, the Court

held that the § 544 "strong arm" powers given a trustee by Chapter 5 are not bestowed upon a Chapter 13 Debtor by §§ 1303 and 1304, and to do so by implication is to do violence to the role of the Chapter 13 Trustee.

In light of the language of the Bankruptcy Code itself and the legislative history of § 1303, this Court is unable to accept as persuasive either the arguments of Lanier or the holding of *Carter.* Code § 103(a) provides that with limited exception the general applicability, i.e. 1, 3, and 5 apply in a case under Chapters 7, 11, or 13 of this Title. Basically, by virtue of § 103(a) all provisions of Chapter 5, including § 544 are applicable and operative in a Chapter 13 case. It is equally clear that the Chapter 13 trustee whose practical role and function is much different than that of a Chapter 7 trustee, is not exclusively empowered to invoke the "strong arm" clause. The legislative history of § 1303 unequivocally states:

> Section 1303 of the House Amendment specifies rights and powers that the debtor has exclusive of the trustees. *The section does not imply that the debtor does not also possess other powers concurrently with the trustee.* For example, although section 1323 is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued. (emphasis supplied) 124 Cong. Rec.H. 11,106 (Sept. 28, 1978); S. 17,423 (Oct. 6, 1978).

In light of the foregoing, this Court is satisfied that the Chapter 13 Debtors have standing to employ the § 544 power to defeat an unperfected security interest.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Determination of Secured Status filed by C. Edwin Hall and Wanda L. Hall be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that the claim of Glen E. Lanier be, and the same hereby is, determined to be an unsecured claim and that Glen E.

Lanier shall be treated as an unsecured creditor.