**In re Don Gene BOYETTE, et ux Willie Mae Boyette, Debtors.**

**Bankruptcy No. 482–00881.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Aug. 22, 1983.

Jacob D. Davis, Dallas, Tex., for debtor.

Roger Allen, Dallas, Tex., for Mortgage Co.

Tim Truman, Fort Worth, Tex., trustee.

### MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Debtors, Don Gene and Willie Mae Boyette, jointly executed a deed of trust on their homestead securing payment of a purchase money note to the Southern Trust and Mortgage Company ("STM") on March 4, 1980. In May of 1982, Debtors filed for protection under Chapter 13 of the Bankruptcy Code in Dallas, Texas. That case was subsequently dismissed on September 1, 1982. Following the dismissal, STM notified Debtors that their note was in default, and consequently, was accelerated. STM posted notice, and foreclosure occurred on October 5, 1982. A trustee's deed was executed in favor of STM, which purchased the property for the amount of the outstanding indebtedness, $58,854.00. Debtors filed this chapter 13 bankruptcy case three days later, on October 8. STM recorded the trustee's deed for the foreclosed property five days after Debtors had filed this case. Debtors argue that the foreclosure sale is voidable because it was not perfected until after Debtors filed their bankruptcy petition on October 8.

Section 544(a)(3) of the Bankruptcy Code provides that the trustee is automatically afforded the special status of a hypothetical bona fide purchaser, having given value on the date the petition was filed, by which he can avoid a transfer of the Debtor's property which would be voidable by a bona fide purchaser under state law. 11 U.S.C. § 544(a)(3). This special status is given to the trustee regardless of whether or not such a bona fide purchaser exists. In Texas an unrecorded conveyance of real property is void as to all creditors and subsequent bona fide purchasers for valuable consideration without notice of the conveyance. Tex.Rev.Civ.Stat. Art. 6627 (Vernon 1969). Prior to STM's recording of its trustee's deed, the Debtors were in possession of the property and the deed records revealed only those documents relating to STM's first lien on the property. The unrecorded trustee's deed is void as to an intervening bona fide purchaser under state law, and consequently, is voidable by the trustee under § 544(a)(3). Of course STM's deed of trust is unaffected and remains a valid lien on the property. The significance here is that if the Debtors avoid the effect of the foreclosure they have the right to attempt to cure their default in their plan. 11 U.S.C. § 1322.

STM argues that, although this transfer may be voidable by the trustee, the avoid-

ing powers under § 544 are exclusively the trustee's and are not available to the Debtors. I do not agree. STM asserts that, while §§ 1303 and 1304 delineate specific rights and powers to the Chapter 13 Debtor, these sections fail to expressly include others, *i.e.,* the § 544 avoiding powers, and hence, these avoiding powers are reserved to the Chapter 13 Trustee. I disagree with STM's assertion, and I agree with the holding and reasoning of *In the Matter of Hall,* 26 B.R. 10, 9 B.C.D. 1371, (Bkrtcy.M.D.Fl. 1982). In *Hall,* the court, faced with the identical issue, held that the Chapter 13 Debtor has standing to employ the § 544 avoiding powers to defeat an unperfected security interest. The court reasoned that the language of the Bankruptcy Code and the legislative history of § 1303 mandate such a conclusion. By virtue of § 103(a) of the Code the powers of § 544 are applicable to and operate in a chapter 13 case. The legislative history of § 1303 states that it is not intended to imply that the Debtor does not also possess other powers concurrently with the Trustee. *See,* 124 Cong.Rec.H. 11,106 (Sept. 18, 1978); S. 17,423 (Oct. 6, 1978). I reject the holding of *In re Carter,* 2 B.R. 321, 5 B.C.D. 1236 (Bkrtcy.D.Co.1980) (Chapter 13 Debtor does not possess the Trustee's avoiding powers under § 544).

I hold that the Debtors are vested with the avoiding powers of a bona fide purchaser for value under § 544(a)(3) as of October 8, 1982. In view of the foregoing, I do not reach the debtors' other contention, that the recording of the deed after this case was filed is a void act because it was done in violation of the automatic stay provision. 11 U.S.C. § 362.