In the Matter of Peter D. OTTAVIANO, Debtor.

Peter D. OTTAVIANO, Plaintiff,

v.

SOROKIN & SOROKIN, P.C., Defendant.

Bankruptcy No. 2–85–00011.
Adv. No. 2–85–0059.

United States Bankruptcy Court, D. Connecticut.

Dec. 9, 1986.

See also, Bkrtcy., 63 B.R. 338.

---

Joseph Neiman, Berlin, Conn., for debtor-plaintiff.

Lewis Rabinovitz, Sorokin & Sorokin, P.C., Hartford, Conn., for defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

The matter before the court is the complaint of the debtor, Peter D. Ottaviano, for the return "for the benefit of [the] estate" of $2,900.00 received by the defendant, Sorokin & Sorokin, P.C. (hereinafter "Sorokin"). The complaint asserts three causes of action: a fraudulent transfer to Sorokin avoidable under 11 U.S.C. § 548; knowing receipt by Sorokin of embezzled funds; and participation by Sorokin as a party to an embezzlement.[1] A brief evidentiary hearing held on September 10, 1986, established the factual background that follows.

### I.

The debtor filed a chapter 13 petition on January 8, 1985. At that time an action brought against the debtor by Barbara J. Ottaviano (Barbara) for dissolution of their marriage (the "dissolution action") was pending in the Connecticut Superior Court. With the consent of the chapter 13 trustee, this court, on January 18, 1985, modified the automatic stay imposed by 11 U.S.C. § 362 in order to permit the dissolution action to proceed to judgment. The state court, after a contested hearing, terminated the marriage by its ruling dated November 22, 1985.

The debtor and Barbara, during their marriage, maintained a joint checking account at the American Savings Bank (ASB).

While most of the funds deposited in this account were earned by the debtor, Barbara normally wrote all the checks from this account and paid family bills. Barbara opened a checking account in her own name at Connecticut Bank and Trust Co. (CBT) when she started working there in 1983.

In late December, 1984, or early January, 1985, Barbara, contemplating commencement of a marriage dissolution action, contacted Attorney Ethel S. Sorokin. Attorney Sorokin requested a retainer. She informed Barbara that Barbara had the right to withdraw funds from any joint checking account she maintained with the debtor.

On January 6, 1984, the debtor obtained a $10,000.00 bank loan for the purpose of paying debts and deposited the entire amount in the ASB joint account. He immediately issued three checks totaling $7,238.68 to creditors, leaving $2,900.00 in the ASB account.

Barbara withdrew the $2,900.00 from the joint account on January 9, 1984, and deposited that amount in her own checking account at CBT. She was unaware that these funds represented the balance of the $10,000.00 loan. At the same time, she took a $5,000.00 advance on a credit card and deposited the proceeds in her CBT account.

On January 10, 1984, Barbara paid Attorney Sorokin $4,000.00 as a retainer by check drawn on her CBT account. Attorney Sorokin had no knowledge of the loan obtained by the debtor or of the facts leading to the deposits made by Barbara in her CBT account. The complaint commencing the dissolution action was served on the debtor on or about January 11, 1984.

The debtor instituted the present adversary proceeding in the bankruptcy court on April 4, 1985. On June 6, 1985, he filed a pleading entitled "Motion for Refund of Attorney's Fees" in the state court dissolution action. To that motion he attached a

---

**1.** The parties have treated this proceeding as a core proceeding under 28 U.S.C. § 157(b)(1), and the court concurs.

copy of his complaint in the bankruptcy court adversary proceeding. The debtor's motion requested "that [the Superior] Court adjudicate the issues of the 'adversary proceeding' on the annexed petition and grant the relief requested, ie. [sic] that the $2,900.00 be refunded." The debtor submitted with his motion a proposed order which required that Sorokin return the "said funds" and that "the said sum be refunded to him."

In its November 22, 1985, memorandum of decision in the dissolution action, the Superior Court addressed this motion as follows:

> With respect to the [debtor's] motions for refund ... concerning attorney's fees and other relief, this court denies said motions. Any funds transferred by [Barbara] ($2,900) to her own use were funds jointly held and subject to a transfer order of either party. Whether said funds were allocated by either party to pay debts, attorney's fees, gambling obligations, painting and refurbishing the home, acquisition of an automobile for one party only, or for any other joint or sole benefit is purely the result of an ongoing marital arrangement that both parties joined in the creation of. Accordingly, transfers made by either party will not be set aside by this court.

Following the entry of the state court ruling, the debtor pursued his complaint in the bankruptcy court. Sorokin filed a motion for summary judgment, which was denied for failure to comply with the Local Rules of Civil Procedure. Sorokin has submitted a post-hearing memorandum containing its claims of law. The debtor has not.

## II.

Sorokin advances several arguments. It contends that a chapter 13 debtor has no standing to bring an action under § 548 of the Bankruptcy Code; that the debtor is collaterally estopped from litigating the same issues in this adversary proceeding previously litigated in the dissolution action; and that the debtor has failed to establish the elements of a § 548 fraudulent transfer or of an embezzlement.

## III.

### A.

The first question is whether a chapter 13 debtor has standing to bring an avoidance action. Sorokin makes the following argument. Section 548 of the Bankruptcy Code gives the trustee the exclusive power to avoid fraudulent transfers, and unlike a chapter 11 debtor-in-possession, a chapter 13 debtor does not have all the powers and duties of a trustee. The debtor's powers are limited to those listed in 11 U.S.C. § 1303: "the [chapter 13] debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*) of this title." Consequently, the chapter 13 trustee, not the debtor, is the only appropriate plaintiff in a fraudulent transfer action. *See In re Driscoll,* 57 B.R. 322 (Bankr.W.D.Wis.1986); *Walls v. Appalachian Tire Products, Inc. (In re Walls),* 17 B.R. 701 (Bankr.S.D.W.Va.1982); *Colandrea v. Colandrea (In re Colandrea),* 17 B.R. 568 (Bankr.D.Md.1982); *In re Carter,* 2 B.R. 321 (Bankr.D.Colo.1980).

I disagree, and accept the majority view that a chapter 13 debtor has standing to bring actions under the Bankruptcy Code's avoidance powers. The legislative history accompanying § 1303 states that "[this] section does not imply that the debtor does not also possess other powers concurrently with the trustee." 124 Cong.Rec.H. 11,106 (9/28/78); S. 17,423 (10/6/78). The courts have concluded that "the realities of bankruptcy practice" require allowing chapter 13 debtors to pursue avoidance power actions. *See Willis v. Borg-Warner Acceptance Corp. (In re Willis),* 48 B.R. 295, 302–03 (S.D.Tex.1985); *Einoder v. Mount Greenwood Bank (In re Einoder),* 55 B.R. 319, 321–24 (Bankr.N.D.Ill.1985); *In re Chapman,* 51 B.R. 663, 665 (Bankr.D.D.C. 1985); *Carr v. Demusis (In re Carr),* 34 B.R. 653, 655 (Bankr.D.Conn.1983), *aff'd* 40 B.R. 1007 (D.Conn.1984); *In re Boyette,* 33

B.R. 10, 11 (Bankr.N.D.Tex.1983); *Russo v. Ciavarella (In re Ciavarella),* 28 B.R. 823, 827–28 (Bankr.S.D.N.Y.1983); *In re Hall,* 26 B.R. 10, 11 (Bankr.M.D.Fla.1982).

### B.

Sorokin next argues that the doctrine of collateral estoppel precludes the debtor from litigating in this court issues decided by the Superior Court. Sorokin claims that the debtor's Motion for Refund decided by the state court involved the same issues relitigated here.

■ The effect of a state court judgment in a federal court is governed by the state's rules of collateral estoppel. *See* 28 U.S.C. § 1738. Connecticut courts follow the general rule:

> "Collateral estoppel ... serves to estop the relitigation by [a party] of any right, fact or legal issue which is put in issue and has been once determined by a valid and final judgment of a court of competent jurisdiction." The party against whom collateral estoppel is asserted ... must have been given a full and fair opportunity to litigate [the issue] in a prior proceeding.

*P.K. Restaurant, Inc. v. Windsor,* 189 Conn. 153, 161–62, 454 A.2d 1258 (1982) (citations omitted).

> "[C]ollateral estoppel may be used defensively by one not a party to a prior action against the party ... who lost on the issues decided in the first action. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313 [91 S.Ct. 1434, 28 L.Ed.2d 788] (1971)." *In re Wilcher,* 56 B.R. 428, 436 (Bankr.N.D.Ill. 1985). Defensive use of collateral estoppel, such as Sorokin seeks to invoke here, is more freely applied than offensive (plaintiff's) use. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329–31, 99 S.Ct. 645, 650–51, 58 L.Ed.2d 552 (1979).[2]

■ In the dissolution action, the debtor had a full and fair opportunity to litigate the issues now before this court. As noted above, the debtor moved "that [the Superior] Court adjudicate the issues of the 'adversary proceeding' on the annexed petition and grant the relief requested, ie. [sic] that the $2,900.00 be refunded." The Superior Court found that Barbara had the right to use the $2,900.00 for her own purposes. The Superior Court necessarily decided the rights of the debtor against Sorokin in ruling that Barbara was as much the owner of funds in the joint account as was the debtor, and that Barbara's use of the $2,900.00 was not a violation of any agreement between her and the debtor. I conclude that the state court accepted the debtor's request that it decide the issues contained in the very complaint before this court, and that the debtor is estopped from having the same issues addressed by this court.

### C.

Although the ruling on collateral estoppel disposes of this matter, I also find that the debtor has not established that there is any fraudulent transfer to avoid or that Sorokin received embezzled funds or participated in an embezzlement.

### IV.

Judgment may enter in favor of the defendant that this action be dismissed. This memorandum shall constitute Findings of Fact and Conclusions of Law mandated by Bankr.R. 7052.

---

**2.** "[O]ffensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. Defensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Parklane Hosiery,* 439 U.S. at 326 n. 4, 99 S.Ct. at 649 n. 4.