**In the Matter of Mary L. MAST, Debtor.**

**Mary L. MAST, Plaintiff,**

v.

**BORGESS MEDICAL CENTER, Defendant.**

**Bankruptcy No. GG 87–02359. Adv. No. 87–0400.**

United States Bankruptcy Court, W.D. Michigan.

Nov. 25, 1987.

Robert A. Davidoff, Kalamazoo, Mich., for defendant.

Edward Read Barton, Allegan, Mich., for plaintiff-debtor.

MEMORANDUM OPINION REGARDING AVOIDANCE POWERS IN CHAPTER 13 CASES

JAMES D. GREGG, Bankruptcy Judge.

On August 5, 1987, Mary L. Mast, "Debtor", filed her Petition for Relief Under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 301; 11 U.S.C. §§ 1301–1330.[1] Brett N. Rodgers, "Trustee", was subsequently appointed by the Court to serve as the trustee in connection with the case.

On August 5, 1987, the Debtor also filed a Complaint against Borgess Medical Center, "Defendant", which seeks to avoid an involuntary transfer, pursuant to Section 547 of the Bankruptcy Code, received by the Defendant as a result of a garnishment of the Debtor's bank account which allegedly took place within 90 days of the date of the filing of the Petition. The Trustee has not joined the adversary proceeding as a party plaintiff.[2] On August 24, 1987, the Defendant filed an Answer to Complaint.

1. All future references to 11 U.S.C. §§ 101–1330 herein shall be referred to as the "Bankruptcy Code" by reference to the applicable section thereof.

2. During argument, Debtor's counsel made an oral motion to join the Trustee as a party. The Court did not grant the motion. The Trustee was not present at the hearing and he has not consented or indicated a willingness to now be added as a party to this adversary proceeding.

On October 16, 1987, the Debtor filed a Motion for Summary Judgment. On October 28, 1987, the Defendant filed a Cross Motion for Summary Judgment. The Defendant asserts, among other things, as a matter of law, a Chapter 13 Debtor lacks the authority to avoid a preferential transfer. At the hearings respecting the cross motions for summary judgment, both parties, through their counsel, presented argument regarding their respective legal positions. Because of the importance of the legal issues presented, the Court took the matter under advisement pending issuance of this written opinion.

Section 547(b) of the Bankruptcy Code states "the trustee may avoid" a preferential transfer by proving the requisite elements. Section 1303 of the Bankruptcy Code explicitly enumerates the rights and powers of a Chapter 13 debtor. The debtor is empowered, exclusive of the trustee, to use, sell or lease property in accordance with Sections 363(b), 363(d), 363(e), 363(f) and 363(1) of the Bankruptcy Code. If a Chapter 13 debtor is engaged in business, Section 1304 grants additional powers to the debtor to enter into ordinary business transactions under Section 363(c) and to obtain credit pursuant to Section 364 of the Bankruptcy Code.

The Court has carefully reviewed all provisions contained in Chapter 13 and there does not exist any *statutory* authority for a Chapter 13 debtor to utilize avoidance powers granted to the trustee, including those powers listed in Sections 544, 545, 547 and 548 of the Bankruptcy Code. If Congress intended to grant avoidance powers to a Chapter 13 debtor, it could have explicitly done so.[3]

There exists a split of authority regarding whether a Chapter 13 debtor may utilize a trustee's avoidance powers. After careful consideration, this Court believes those cases which hold the Chapter 13 debtor lacks the power to unilaterally set aside

avoidable transfers are better reasoned and more persuasive than those cases decided to the contrary. *In re Carter,* 2 B.R. 321 (Bankr.D.Colo.1980) (Chapter 13 debtors lack § 544 "strong arm" power); *In re Walls,* 17 B.R. 701 (Bankr.S.D.W.Va.1982) (Chapter 13 debtor lacked ability to exercise power to avoid preferential transfer under § 547); *In re Driscoll,* 57 B.R. 322 (Bankr.W.D.Wis.1986) (Chapter 13 debtor may not generally utilize the trustee's Chapter 5 avoidance powers); *cf. In re Colandrea,* 17 B.R. 568 (Bankr.D.Md.1982) (Chapter 13 trustee has authority to avoid preferential transfers under § 547).

Cases decided to the contrary recognize the "realities of bankruptcy practice" to justify a strained interpretation of the Bankruptcy Code and to conclude a Chapter 13 debtor is empowered to utilize a trustee's avoidance powers. See, e.g., *In re Ottaviano,* 68 B.R. 238, 240 (Bankr.D. Conn.1986), and the cases cited therein. As a matter of practice, a Chapter 13 debtor may easily request that the Chapter 13 trustee utilize his powers to set aside avoidable transfers.[4] If avoiding a transfer is in the interest of the estate, the trustee may unilaterally seek to avoid the transfer or consent to the debtor's possible intervention as an additional party plaintiff pursuant to Bankruptcy Rule 7024. Alternatively, the Chapter 13 Plan may propose that the debtor, on behalf of the estate, and in conjunction with the trustee, utilize avoidance powers to assure equality of distribution and no unfair discrimination among creditors. *In re Walls, supra* at 704.

The Court therefore concludes, as a matter of law, that a Chapter 13 Debtor has no independent standing to exercise the Trustee's power to avoid a preferential transfer under Section 547 of the Bankruptcy Code. The Debtor's motion for summary judgment is therefore denied. The Defendant's

---

**3.** In Sections 1107(a) and 1203 of the Bankruptcy Code, Chapter 11 and Chapter 12 debtors are granted *all* rights and powers of a trustee, subject to any limitations or conditions which the Court may prescribe.

**4.** It should be noted that when exempt property is involved, the debtor has certain avoidance powers which are independent of the trustee under Sections 522(f) and 522(h) of the Bankruptcy Code.

motion for summary judgment is granted[5] without prejudice to the Trustee to file a Complaint to avoid the alleged preferential transfer if the Trustee determines to do so in the exercise of his reasonable discretion.[6] An order shall be entered accordingly.

5. Because the issue of standing is dispositive, the Court has not addressed the other issues raised in the Defendant's Cross Motion for Summary Judgment.

6. In the exercise of his discretion, the Trustee may consider factors such as whether seeking to avoid a transfer will benefit the estate, whether the proposed Chapter 13 plan is confirmable absent avoidance of the transfer and the ultimate probability of success if an avoidance action is commenced.