**In re Lindal Sherman TILLERY and Cassie Roberta Tillery, Debtors.**

**Bankruptcy No. 90–9503–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 8, 1991.

Michael Barnett, Tampa, Fla., for debtor.

Vincent A. Leto, Tampa, Fla., for creditor, Sears.

Chris C. Larimore, Bradenton, Fla., Chapter 13 trustee.

**ORDER ON MOTION TO MODIFY STAY AND MOTION TO DETERMINE SECURED STATUS AND TO AVOID LIEN**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter is presented for this Court's consideration in a somewhat awkward and technically improper procedural posture. The ultimate question which is sought to be resolved is whether or not a claim filed in this case by Sears, Roebuck & Co. (Sears) in the amount of $1,644.80 should be recognized and allowed as a secured claim. The procedural background of this issue as appears from the record is as follows:

On October 15, 1990, the Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code and scheduled an indebtedness owed to Sears in the amount of $1,603 and filed as secured based on a security agreement. On November 19, 1990, Sears filed a Motion and sought relief from the automatic stay claiming that out of the total indebtedness owed by Sears, the sum of $1,294.04 is secured based on an untitled document which appears to be an invoice which has the language that the credit purchase is subject to the Sears charge agreement and purports to grant Sears a security interest or lien in the merchandise described. The merchandise involved is a 16x9 screened room. On November 21, 1990, the Debtors filed a response to the Motion in which they denied that Sears has a valid security interest in the screen room. On the same date, the Debtors filed a Motion to Determine Secured Status and to Avoid Lien. In their Motion they contend in paragraph 9 that by

virtue of 11 U.S.C. Section 544, the Trustee may avoid unperfected liens and, in paragraph 10, that the Debtors in a Chapter 13 case have the same powers of avoidance as granted to the trustee by Section 544 of the Bankruptcy Code. In addition, the Debtors also filed an Objection to the claim of Sears on the basis that the same cannot be allowed as a secured claim because Sears failed to perfect its secured claim. On December 17, 1990, Sears filed a Response to the Motion to Determine Secured Status and denied that its lien claim could be avoided and also denied that the Debtors have the same voiding powers as granted to a trustee by Section 544. In light of the fact that since it appeared necessary to determine the validity vel non of the lien claim of Sears before ruling on the Motion for Relief from Stay, this Court entered an Order and extended the stay until this issue could be resolved.

■ It should be pointed out at the outset that a procedure to determine the validity, priority or extent of lien or other interest in property is an adversary proceeding governed by Part VII of the Rules and it is improper to present the same by way of motion. Be that as it may, Sears did not object to the procedural defect and submitted for this Court's consideration the ultimate issues which are (1) does a Chapter 13 debtor have standing to utilize the voiding powers granted to a trustee by the strong-arm clause of the Bankruptcy Code, Section 544(a)(1). This Section arms the trustee with the voiding power of a fictitious ideal judgment lien creditor who, under the applicable local law would defeat any unperfected lien on properties owned by the Debtor; and, (2) in any event, even if the debtor in a Chapter 13 case has such power, the question still remains whether or not the lien claim is enforceable even though admittedly the Debtors did not sign a financing statement and none was recorded either in the Office of the Secretary of State or locally.

Since the issue of standing was first addressed in 1980, courts did not develop a uniform resolution of this issue. For instance, several courts held that the Chapter 13 debtor may utilize the special voiding power granted by Section 544. *In re Boyette,* 33 B.R. 10 (Bankr.N.D.Tex.1983); *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill. 1985); *In re Ottaviano,* 68 B.R. 238 (Bankr.D.Conn.1986); *In re Weaver,* 69 B.R. 554 (Bankr.W.D.Ky.1987); *In re Colandrea,* 17 B.R. 568 (Bankr.D.Md.1982). However, many cases held that a Chapter 13 debtor lacks standing to bring avoidance actions. *In re Carter,* 2 B.R. 321 (Bankr. D.Colo.1980); *In re Walls,* 17 B.R. 701 (Bankr.S.D.W.Va.1982); *In re Driscoll,* 57 B.R. 322 (Bankr.W.D.Wisc.1986); *In re Mast,* 79 B.R. 981 (Bankr.W.D.Mich.1987); *In re Bruce,* 96 B.R. 717 (Bankr.W.D.Tex. 1989). This Court had an occasion to consider this issue in the case of *In re Hall,* 26 B.R. 10 (Bankr.M.D.Fla.1982), shortly after the enactment of the Code. In that case this Court held that the Chapter 13 Debtor may in fact utilize the special voiding power granted by Section 544 of the Bankruptcy Code. After careful reconsideration of this issue, this Court recedes from its earlier decision in *In re Hall, supra,* and is now satisfied that the Chapter 13 debtor lacks the power to use the lien avoidance power of Section 544 for the following reasons:

The strong arm clause of the Code, 11 U.S.C. Section 544, is basically an adaptation of pre-Code law. It gives the trustee the power of an ideal judgment lien creditor who has a judicial lien on the property of the debtor as of the commencement of the case, in addition to the rights of a creditor who actually obtained the writ of execution against the property of the debtor but it was returned unsatisfied. Section 1303 entitled "Rights and Powers of the Debtor" grants to the Chapter 13 debtor, exclusive of the trustee, the rights and powers of a trustee under Sections 363(b), (d), (e), (f) and (l). This Section, unlike Section 1107, does not include the power of avoidance granted by Section 544 of the Code.

Even a cursory analysis of the voiding power granted to the trustee by Section 544 leaves no doubt that it was enacted by Congress in order to enable the trustee of the estate to enhance the assets in order to assure that the unsecured creditors' recov-

ery is maximized. Section 544 was never intended to permit debtors to avoid liens on properties which they are retaining. *In re Bruce, supra.* Chapter 13 is designed as a relief chapter for the adjustment of debts of an individual with regular income. While a Chapter 13 debtor may sell, use or lease property subject to the conditions outlined in Section 363, clearly it was never intended that a Chapter 13 plan would be funded by the sale of properties nor from pursuing transactions which may be voidable under Sections 544, 545, 547, 548 and 550. A Chapter 13 debtor does occupy the same legal status as a debtor-in-possession in Chapter 11, who is legally an entity separate from the debtor. Obviously, this is not the case in a Chapter 13 case where the debtor occupies the same legal status as it occupied prior to the commencement of the case. For these reasons there appears to be no justification why a Chapter 13 debtor should be permitted to avoid a transaction to which the debtor himself or herself was a participating party and when such an avoidance plays no meaningful role in the debtor's ability to propose a Chapter 13 plan and to consummate same if the plan submitted is confirmed.

Based on the foregoing, this Court is satisfied that the Debtors may not utilize the voiding powers granted by Section 544. For this reason, it is unnecessary to determine whether or not the lien claimed by Sears on the screen room could be avoided on the basis of lack of perfection, a proposition not without serious doubt in light of the fact that the interest of Sears is a purchase money interest which is always enforceable between parties and under Article X of the Uniform Commercial Code, as adopted by this State, Section 679.302.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Determine Secured Status and to Avoid Lien be, and the same is hereby, granted, and Sears is determined to have a valid, enforceable lien on the screen room. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Stay be, and the same is hereby, denied with the proviso that the Debtors furnish adequate protection to Sears in an amount to be stipulated to by the parties. In the event no stipulation for adequate protection can be reached by the parties, this Court shall schedule a hearing to determine same upon written request.

DONE AND ORDERED.