**In re Warren Ronald COAN, Janis Ruth Coan, Debtors.**

**Warren Ronald COAN, Janis Ruth Coan, Plaintiffs,**

**v.**

**UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 85–578–8P3.
(Converted 85–578 8B7).
Adv. No. 86–167.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 23, 1991.

C. Kathryn Preston, Tampa, Fla., for debtors.

U.S. Dept. of Justice, Tax Division, for defendant.

### ORDER ON REMAND

ALEXANDER L. PASKAY, Chief Judge.

This is an Adversary Proceeding commenced in the above captioned Chapter 13 case, and the matter presently under consideration is before this Court by virtue of an Order entered by the United States District Court for the Middle District of Florida, Tampa Division, which partially reversed this Court's Order on Motion for Partial Summary Judgment and remanded this Adversary Proceeding to this Court for further consideration.

The record reveals that on April 16, 1987 this Court entered an Order on the Debtors' Motion for Partial Summary Judgment which, *inter alia,* held that Chapter 13

debtors have standing to use the special voiding powers of the Trustee and therefore, these Chapter 13 debtors have the status of hypothetical bona fide purchasers and may avoid any unperfected statutory liens pursuant to § 545(2) of the Bankruptcy Code. 72 B.R. 483. Based on this proposition, this Court entered a Final Judgment in favor of the Debtors and against the Defendant (Government) and determined that the Government's liens on various items of the Debtors' personal property are void and unenforceable pursuant to § 545(2) of the Bankruptcy Code.

Subsequently, the Government filed a Notice of Appeal of the Final Judgment and Order which granted the Debtors' Motion for Partial Summary Judgment. On March 1, 1989, the District Court entered its Order affirming the Final Judgment and Order on Motion for Partial Summary Judgment entered by this Court in favor of the Debtors and against the Government.

Although the exact course of events is unclear, it appears that the Government ultimately filed a Motion for Rehearing requesting the District Court to reconsider its Order affirming this Court due to this Court's recent decision rendered in the case of *In re Lindal Sherman Tillery and Cassie Roberta Tillery,* reported in 124 B.R. 127 (Bankr.M.D.Fla.1991). In *In re Tillery,* this Court receded from its earlier decision regarding the standing of Chapter 13 debtors to utilize the Bankruptcy Code's avoidance powers enunciated in *In re Hall,* 26 B.R. 10 (Bankr.M.D.Fla.1982).

In *In re Hall,* as in the case presently under consideration, this Court held that Chapter 13 debtors have standing to assert avoidance powers provided by the Bankruptcy Code. As set forth more fully in *In re Tillery,* after due consideration, this Court determined that Chapter 13 debtors do *not* have standing to exercise the Code's avoidance powers, for reasons fully explained in that opinion.

Based on this, the District Court granted the Government's Motion for Rehearing and determined that this Court erred in holding that a Chapter 13 debtor may avoid a federal tax lien pursuant to § 545(2), apparently based on this Court's change in position on the standing issue. In turn the District Court reversed the Order on Motion for Partial Summary Judgment as to the standing issue and remanded the matter to this Court for further consideration.

As such, this Court is satisfied that the Order on Motion for Partial Summary Judgment should be vacated for the reasons set forth in the case of *In re Tillery, supra,* 124 B.R. at 127. Although the issue in *In re Tillery* dealt with the avoidance powers granted by § 544 of the Bankruptcy Code, the same analysis regarding a Chapter 13 debtor's standing should apply when considering § 545(2) of the Bankruptcy Code. Therefore, it is accordingly

ORDERED, ADJUDGED AND DECREED that this Court's Order on Motion for Partial Summary Judgment be, and the same, is hereby vacated to the extent it determined the Debtors have standing to avoid a statutory lien pursuant to § 545 of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, this Court's Final Judgment in favor of the Debtors and against the Government be, and the same, is hereby vacated. It is further

ORDERED, ADJUDGED AND DECREED that a separate Final Judgment in favor of the Government and against the Debtors shall be entered in accordance with the foregoing.

DONE AND ORDERED.