**In re Richard Whitney REDDITT, Sr. and Johnnie Ruth Redditt.**

**Bankruptcy No. 9207065SEG.**

United States Bankruptcy Court, S.D. Mississippi.

Oct. 14, 1992.

694

Stephen J. Maggio, Gulfport, Miss., for plaintiff.

William P. Wessler, Gulfport, Miss., for defendant.

OPINION

EDWARD R. GAINES, Bankruptcy Judge.

This matter is before the Court on the Objection to Plan filed by Point Lumber Company, Inc., and the debtors' response thereto. Memoranda were submitted and arguments presented by counsel. The Court finds that the debtors lack standing to seek avoidance of Point Lumber's statutory lien and the Objection by Point Lumber should be sustained.

I. FACTS

1. Point Lumber Company, Inc. sold building materials on account to the debtors for use in the construction of their residence.

2. The date of last delivery of materials was November 21, 1991.

3. The debtors filed a petition for relief under chapter 13 of Title 11 of the United States Code on January 9, 1992.

4. Prior to the debtors' filing in bankruptcy, no suit was commenced by Point Lumber to enforce its statutory lien, nor was there a notice or contract filed in the office of the chancery clerk, pursuant to Miss.Code Ann. § 85–7–131.

5. The debtors listed an unsecured debt of $20,427.87 to Point Lumber in their schedules and proposed to pay unsecured creditors 100% of their claims over 60 months through the chapter 13 plan.

6. Point Lumber filed a proof of claim asserting a claim secured by a material-man's lien in the amount of $20,489.19. Point Lumber also filed with the Bankruptcy Court, on June 3, 1992, a Notice of Perfection of Liens, which stated that notice was given pursuant to 11 U.S.C. § 546(b) of the perfection of its privileges and lien as granted by Miss.Code Ann. § 87–7–131.

7. An objection to the plan was filed by Point Lumber stating that it was secured by a security interest in the debtors' principal residence that arose from the sale of building materials used in the construction of the residence, and claiming that the plan is contrary to 11 U.S.C. § 1322(b)(2) because it would modify Point Lumber's claim, and further claiming that the plan is contrary to 11 U.S.C. § 1322(b)(5) for not providing a cure for defaults within a reasonable time.

8. The debtors responded to the objection by claiming that Point Lumber took no steps to perfect its claim under Mississippi law, that it did not file suit to perfect its lien claimed under Miss.Code Ann. § 85–7–131, nor did it file a notice of construction lien as provided in Miss.Code Ann. § 85–7–133. The debtors assert that the failure of Point Lumber to perfect properly its lien prepetition relegates its claim to the status of unsecured pursuant to §§ 544 and 545 of the Bankruptcy Code.

9. Briefs were submitted to the Court on the question of Point Lumber's secured status, and arguments were presented on the record.

## II. CONCLUSIONS

The issues before the Court are core proceedings under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Certain powers to avoid transfers or obligations are derived from Section 544 of the Bankruptcy Code:

§ 544. **Trustee as lien creditor and as successor to certain creditors and purchasers.**

(a) The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee or of any creditor,* the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

.     .     .     .     .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3) (emphasis added).[1] Specific authorization for the avoidance of statutory liens is provided in Section 545 of the Code:

§ 545. **Statutory liens.**

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

.     .     .     .     .

(2) is not perfected or enforceable at the time of the commencement of the

case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

11 U.S.C. § 545(2).[2] These statutes act to give the trustee in bankruptcy the rights of a bona fide purchaser as of the date of filing of the debtors' petition. The question presented to the Court is whether the trustee, pursuant to these statutes, is allowed to assert his status as a bona fide purchaser against a statutory lienholder under Miss.Code Ann. § 85–7–131, which gives a lien against buildings to those providing materials for construction.

A threshold issue the Court must consider is the debtors' standing to seek avoidance of Point Lumber's lien under these statutes.[3] Section 1303 of the Bankruptcy Code deals with the rights and powers given to chapter 13 debtors as follows:

§ 1303. **Rights and powers of debtor.**

Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(1), of this title.

11 U.S.C. § 1303. In contrast, Section 1107 specifically provides to chapter 11 debtors in possession[4] the powers of a trustee:

§ 1107. **Rights, powers, and duties of debtor in possession.**

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers and shall perform all the functions and

---

**1.** *See In re Sandy Ridge Oil Co.,* 807 F.2d 1332 (7th Cir.1986) (actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3)).

**2.** *See, In re Claussen,* 118 B.R. 1009 (Bankr.S.D. 1990) (no actual knowledge is imputed under § 545(2)).

**3.** The issue of standing was not raised by the parties. However, the Court concludes that this issue has not been waived and should be dealt with now. In *In re Weaver,* 632 F.2d 461, n. 6

(5th Cir.1980) the Court noted that, "Because standing is an element of the constitutional requirement of 'case or controversy,' lack of standing deprives the court of subject matter jurisdiction. Therefore, objections to standing are never waived and must be raised by an appellate court *sua sponte.*" Because an appellate court has the power to raise this issue at a later date, this Court determines it would be best dealt with now.

**4.** Defined in 11 U.S.C. § 1101(1).

duties, except the duties specified in sections 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). There is no specific statutory grant of power giving a chapter 13 debtor avoidance powers provided to the trustee in these statutes. Courts have reached divergent conclusions on the issue of whether a chapter 13 debtor may exercise these powers. *See, 3 Norton Bankr.L. & Prac.* § 72.06 (1990), 1A *Bankruptcy Service, L.Ed.* § 5B:11 (1990), Weintraub & Resnick, *Bankruptcy Law Manual* ¶ 9.09, n. 11 (1992).

To begin this discussion, the Court notes the following from *Collier on Bankruptcy:*

> The chapter 13 trustee possesses all of the avoiding powers conferred by sections 544, 545, 547, 548 and 549, subject to the limitations on their exercise contained in section 546 ... It should be noted that the debtor does not possess the powers of the trustee to avoid transactions under these sections of the Bankruptcy Code, except to the extent that they are granted by section 522(h) to avoid transfers which impair the debtor's exemptions. (footnotes omitted).

5 *Collier on Bankruptcy* ¶ 1300.93 (15th ed. 1991). However, various jurisdictions have allowed a chapter 13 debtor to pursue avoidance actions as noted in *Norton Bankruptcy Law and Practice:*

> Chapter 13 contains no specific grant of power to the Chapter 13 debtor to use the strong-arm, avoidance or recovery powers specified elsewhere in the Code. However, Code § 103(a) renders Chapter 5 applicable in Chapter 13 cases. In Chapter 11 cases, Code § 1107(a) makes it clear that Congress intended a debtor in possession to have all of the rights and powers of a trustee to recover property and to avoid transfers. Though there is no provision of Chapter 13 parallel to the grant of rights to a debtor in possession in a Chapter 11 case found in Code § 1107, some courts have hypothesized that a Chapter 13 debtor is the entity

most appropriately stationed to identify recoverable property and avoidable transfers which would further the rehabilitative intent of Chapter 13. Thus in those districts, Chapter 13 debtors may seek the turnover of property ·under § 542; Chapter 13 debtors may exercise the strong-arm powers under § 544; Chapter 13 debtors may recover preferences under § 547; and Chapter 13 debtors may recover fraudulent conveyances under § 548. Chapter 13 debtors have also been permitted to recover postpetition transfers under Code § 549. As indicated in the notes, other courts have precluded Chapter 13 debtors from using some or all of the avoidance and recovery powers. Several courts have restricted the Chapter 13 debtor's use of the avoidance and recovery powers to the recovery of exempt property under Code § 522.

3 *Norton Bankr.L. & Prac.* § 72.06 (1990) (footnotes omitted).[5] *Bankruptcy Service, Lawyer's Edition* provides the following observations about this issue:

> The view that a Chapter 13 debtor may exercise the full avoiding powers of the trustee recognizes that the debtor is the most appropriate party to seek such a recovery, since the Chapter 13 trustee's actions are restricted to essentially administrative matters, and the debtor is the true representative of the estate. The trustee rarely, if ever, pursues such actions because the trustee reaps little benefit for the amount of time and effort involved, any recovery becomes property of the estate and goes to the debtor ...
>
> Despite the debtor's lack of authority to invoke the trustee's avoiding powers in some jurisdictions, a Chapter 13 debtor may propose as a part of the plan the use of the avoiding powers which the trustee has the discretion of pursuing. Where use of the avoiding powers will achieve a more equitable distribution among creditors or where it will aid in a more appropriate classification of claims, the trustee should proceed with such action pursuant to the trustee's duty to advise and assist

---

**5.** Footnotes in the *Norton* discussion include case citations.

the debtor in performance under the plan.

1A *Bankruptcy Service, L. Ed.* § 5B:11 (1990) (footnotes omitted).

In looking to Courts within the Fifth Circuit that have dealt with this issue, the Court notes a 1983 decision from the Northern District of Texas, *In re Boyette,* 33 B.R. 10 (Bankr.N.D.Tex.1983), which held that a chapter 13 debtor was vested with the avoiding powers of a bona fide purchaser for value under § 544(a)(3).[6] In a later case from the Western District of Texas, Judge Leif Clark reached the conclusion, in a well reasoned opinion, that a chapter 13 debtor does not have standing to pursue avoidance actions.

Section 1303 specifically grants the Chapter 13 debtor certain powers which would otherwise be reserved to the trustee. 11 U.S.C. § 1303. This statutory grant does not include the avoidance powers. However, the legislative history includes floor comments to the effect that the section "does not imply that the debtor does not also possess other powers concurrently with the trustee ..." A number of courts have relied on this floor comment to find a "sharing" of the trustee's other powers with the debtor, including the avoidance powers. The most eloquent spokesman for this position is Judge Robert Ginsberg, of the Northern District of Illinois, who argues that

[t]he absence of a Chapter 13 equivalent to § 1107 makes sense. The debtor in Chapter 13 is not the same as a Chapter 11 debtor-in-possession. There is always a trustee in a Chapter 13 case.... [a] Chapter 13 debtor, although remaining in possession of his or her assets, does not have *all* the powers of a trustee. The Chapter 13 trustee, for example, retains the exclusive power to investigate the debtor's financial affairs, presumably to be able to comment intelligibly on the debtor's proposed plan. The most logical analy-

sis is that the Chapter 13 trustee has *some* of the trustee's powers, i.e., those necessary to carry out the trustee's assigned functions ... while the remaining trustee's powers vest in the Chapter 13 debtor. The Chapter 13 trustee has no need to pursue any avoiding powers to carry out any duties assigned to the Chapter 13 trustee by the Code.

*In re Einoder,* 55 B.R. [319] at 323–24 [ (Bankr.N.D.Ill.1985) ]; *accord In re Ciavarella,* 28 B.R. 823, 827 (Bankr. S.D.N.Y.1983) *and In re Freeman,* 72 B.R. [850] at 854 [ (Bankr.E.D.Va.1987) ]. (footnote omitted).

As compelling, practical and intensely equitable as these arguments might be, they are at bottom well-meaning forays into judicial legislation. *They exceed the scope of a bankruptcy judge's role, which is to interpret and apply the statute, not to rewrite it.* (citations omitted). As the Seventh Circuit recently observed,

Any change deemed desirable on policy grounds should be addressed to Congress rather than to this court. Our duty is simply to interpret the language of the statute.

*Matter of Bundles,* 856 F.2d 815, 823 (7th Cir.1988). By the statute's own terms, only the trustee has standing to exercise the strong-arm avoidance powers ... Legislative history, especially floor comments, may augment but may not amend the statute's straightforward language. Section 1303 simply does not confer standing on the debtor to pursue avoidance actions. As the bankruptcy court pointed out *In re Mast* [79 B.R. 981 (Bankr.W.D.Mich.1987) ], there does not exist any *statutory* authority for a Chapter 13 debtor to utilize avoidance powers granted to the trustee.... If Congress intended to grant avoidance powers to a

---

**6.** It is noted that *Boyette* states that the court agreed with the holding and reasoning of *In re Hall,* 26 B.R. 10 (Bankr.M.D.Fla.1982). However, in *In re Tillery,* 124 B.R. 127 (Bankr.M.D.Fla.

1991), the Florida court receded from its earlier decision in *Hall* and stated that it was satisfied that the chapter 13 debtors lack the power to use the lien avoidance power of Section 544.

Chapter 13 debtor, it could have explicitly done so ...

*In re Mast,* 79 B.R. at 982, n. 3.

*In re Bruce,* 96 B.R. 717, 720–21 (Bankr. W.D.Tex.1989) (emphasis added). That Court went on the make further observations as follows:

> There would appear to be no reason why the debtors should not, as a general principle be allowed to seek authority to sue in the trustee's name, as do creditors' committees in Chapter 11 cases. (citation omitted). That course of action is not available to the debtors in this case, however. Even were this court to sidestep the "idle ceremony" of forcing the debtor to formally move for permission to sue in the name of the trustee, (citation omitted), *the court cannot ignore the additional requirement that the debtors must show that the trustee's refusal to pursue the action is unjustified.*
>
> The judicial rule *that permits parties to sue in the name of the trustee serves the larger purpose of enhancing the estate* available for distribution to its creditors ... A trustee is certainly justified in not employing the strong-arm powers where the prime directive of enhancing distribution to creditors of the estate will not be advanced by its exercise. The debtors cannot therefore bring themselves within the standing exception ... because they cannot demonstrate that the trustee was failing to carry out his fiduciary responsibilities *to the creditors of the estate to* maximize the value of the estate for their benefit. (citation omitted).

> In view of this court's primary calling as a court of equity, one final observation is in order. If the debtors are permitted to employ the Bankruptcy Code to deprive a creditor of a property right for their personal benefit, with no benefit inuring to the estate, an inequitable result ensues ... The debtors should not therefore, in equity be permitted to step into the shoes of the trustee in order to use the strong-arm powers to avoid a consensual lien on their homestead.

96 B.R. at 722–23.

In a more recent case from Texas, it was determined that a chapter 13 debtor does not have standing to seek avoidance under § 545(2) to avoid statutory tax liens on non-exempt property:

> Courts dealing with avoidance powers have failed to reach a consensus in their answers. Some courts have granted avoidance powers to chapter 13 debtors. (citations omitted) ... Other courts have restricted standing to bring avoidance actions to the Chapter 13 trustee. (citations omitted) ...
>
> Courts dealing with § 545 have likewise not reached consistent results. One court granted standing to pursue a § 545(2) action to avoid federal tax liens and stated "[i]t is without dispute that Chapter 13 debtors are empowered and have the ability to exercise the Trustee's lien avoidance powers under Chapter 5". *Matter of Coan,* 72 B.R. 483, 485 (Bankr. M.D.Fla.1987) ... However, other courts have denied the debtor the right to pursue actions to avoid tax liens on exempt property based on their interpretation of two subsections of § 522. The Court agrees with these latter decisions and finds their reasoning applicable to the situation at hand.
>
> The Bankruptcy Code "unambiguously gives avoidance powers to bankruptcy trustees and to chapter 11 and 12 debtors, *but* not to chapter 13 debtors," (citations omitted) ... Section 1303 (rights and powers of debtor), by its own terms, does not provide a chapter 13 debtor with any avoidance powers.
>
> However, some limited powers to avoid transfers are granted in Chapter 5 [specifically § 522(h) ] to the debtor if the property could have been claimed as exempt but for the transfer. (citations omitted).

*In re Henderson,* 133 B.R. 813, 816–17 (Bankr.W.D.Tex.1991).[7]

---

**7.** The *Coan* case cited in *Henderson* was later considered in *In re Coan,* 134 B.R. 670 (Bankr. M.D.Fla.1991) where the earlier decision was vacated to the extent it determined the debtors have standing to avoid a statutory lien pursuant

In *In re Willis*, 48 B.R. 295 (S.D.Tex. 1985), a district court from the Southern District of Texas [8] made the following comments on this issue:

Before addressing whether the Debtors have satisfied the elements of their section 548 fraudulent conveyance action, this court turns its attention to Borg Warner's contention that the Debtors lack standing to commence and maintain the action. Because the express language of section 548 only provides that the trustee has the power to avoid a fraudulent conveyance, and because chapter 13 debtors are not given the rights of the trustee as are chapter 11 debtors-in-possession, *a chapter 13 debtor's right to avoid a transfer in the trustee's stead must have an explicit statutory foundation.* Section 522(h) of the Code establishes such a foundation. It provides:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subjection (g)(1) of this section if the trustee had avoided such transfer
. . .

11 U.S.C. § 522(h).

.        .        .        .        .

Every element of section 522(h) must be satisfied before the Debtor may step into the shoes of the trustee for purposes of a section 548 avoidance action.

48 B.R. at 298–99 (emphasis added).

In *In re Pointer*, 952 F.2d 82 (5th Cir. 1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992), the Fifth Circuit ruled that a creditor in a chapter 11 case did not have standing under the Bankruptcy Code to avoid post-petition tax liens. The Court's opinion [9] included the following remarks:

As such, Pointer is faced with the fact that § 549 is an avoidance power belong-ing *solely to the trustee or debtor-in-possession.* (footnotes omitted). In general, as well as under § 549, only trustees and debtors-in-possession, *not* creditors, have standing to invoke avoidance powers. In *In re Ciavarella*, 28 B.R. 823, 825 (Bankr.S.D.N.Y.1983), the bankruptcy court, in the context of a chapter 13 case, noted that the plain language of the Code mandates that only a trustee, not a creditor, is authorized to exercise the avoidance powers of §§ 547(b) and 549(a) . . . We agree with the reasoning of *In re Ciavarella,* and find that the plain language of § 549 restricts its use to trustees or debtors-in-possession. With regard to the VVAL estate, Pointer is neither, and therefore lacks standing to bring this action insofar as it seeks to avoid the 1987 and 1988 ad valorem tax liens.

If, despite the absence of any apparent statutory authorization, we were to hold that Pointer could bring an action to avoid the Taxing Units' liens, we would be presented with a further anomaly. . . .

952 F.2d at 87–88 (emphasis added). *See also, In re Natchez Corp.,* 953 F.2d 184 (5th Cir.1992). The Court went on to add the following:

We . . . do not foreclose the possibility that a creditor, such as Pointer, may maintain an action on behalf of the trustee or debtor-in-possession to avoid a post-petition lien after seeking authorization from the court and a showing of appropriate circumstances.

952 F.2d at 89. Although this opinion did not discuss the issue of a chapter 13 debtor's standing to bring avoidance actions, this Court views the decision as reflecting the Circuit's inclination to construe strictly statutory standing and to disallow a party's action in the absence of some explicit statu-

---

to § 545. The Court cited *In re Tillery*, 124 B.R. 127 (Bankr.M.D.Fla.1991), discussed below.

**8.** Significantly, it is noted that Circuit Judge Randall, from the United States Court of Appeals for the Fifth Circuit, was sitting by designation.

**9.** The opinion was written by Circuit Judge King, being the married name of Circuit Judge Randall, referred to in the preceding note.

tory foundation.[10]

In an interesting decision from a Florida bankruptcy court, Judge Alexander Paskay held that a chapter 13 debtor lacks standing to use the trustee's lien avoidance powers. In *In re Tillery*, 124 B.R. 127 (Bankr. M.D.Fla.1991), the following was stated:

It should be pointed out at the outset that a procedure to determine the validity, priority or extent of lien or other interest in property is an adversary proceeding governed by Part VII of the rules and it is improper to present the same by way of motion. Be that as it may, Sears did not object to the procedural defect and submitted for this Court's consideration the ultimate issues

. . .

Since the issue of standing was first addressed in 1980, courts did not develop a uniform resolution of this issue. For instance, several courts held that the Chapter 13 debtor may utilize the special voiding powers granted by Section 544. *In re Boyette*, 33 B.R. 10 (Bankr. N.D.Tex.1983); *In re Einoder*, 55 B.R. 319 (Bankr.N.D.Ill.1985); *In re Ottaviano*, 68 B.R. 238 (Bankr.D.Conn.1986); *In re Weaver*, 69 B.R. 554 (Bankr. W.D.Ky.1987); *In re Colandrea*, 17 B.R. 568 (Bankr.D.Md.1982). However, many cases held that a Chapter 13 debtor lacks standing to bring avoidance actions. *In re Carter*, 2 B.R. 321 (Bankr.D.Colo. 1980); *In re Walls*, 17 B.R. 701 (Bankr. S.D.W.Va.1982); *In re Driscoll*, 57 B.R. 322 (Bankr.W.D.Wisc.1986); *In re Mast*, 79 B.R. 981 (Bankr.W.D.Mich.1987); *In re Bruce*, 96 B.R. 717 (Bankr.W.D.Tex. 1989). This Court had an occasion to consider this issue in the case of *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fla.1982), shortly after the enactment of the Code. In that case this Court held that the Chapter 13 Debtor may in fact utilize the special voiding power granted by Section 544 of the Bankruptcy Code. After careful reconsideration of this issue, this Court recedes from its earlier decision in *In re Hall, supra,* and is now satisfied that the Chapter 13 debtor lacks the power to use the lien avoidance power of Section 544 for the following reasons:

The strong arm clause of the Code, 11 U.S.C. Section 544, is basically an adaptation of pre-Code law. It gives the trustee the power of an ideal judgment lien creditor who has a judicial lien on the property of the debtor as of the commencement of the case, in addition to the rights of a creditor who actually obtained the writ of execution against the property of the debtor but it was returned unsatisfied. Section 1303 entitled "Rights and Powers of the Debtor" grants to the Chapter 13 debtor, exclusive of the trustee, the rights and powers of a trustee under Sections 363(b), (d), (e), (f) and (*l*). This Section, unlike Section 1107, does not include the power of avoidance granted by Section 544 of the Code.

Even a cursory analysis of the voiding power granted to the trustee by Section 544 leaves no doubt that it was enacted by Congress in order to enable the trustee of the estate to enhance the assets in order to assure that the unsecured creditors' recovery is maximized. Section 544 was never intended to permit debtors to avoid liens on properties which they are retaining. *In re Bruce, supra.* Chapter 13 is designed as a relief chapter for the adjustment of debts of an individual with regular income. While a Chapter 13 debtor may sell, use or lease property subject to the conditions outlined in Section 363, clearly it was never intended that a Chapter 13 plan would be funded by the sale of properties nor from pursuing transactions which may be voidable

**10.** It is noted that the *Ciavarella* case cited by the Fifth Circuit on the point that a creditor is not authorized to exercise avoiding powers also indicated that a chapter 13 debtor is the entity most appropriately stationed to reclaim avoidable transfers. This Court notes that *Ciavarella* cited Judge Paskay's decision in *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fla.1982) in its discussion.

As noted above, Judge Paskay recently receded from the *Hall* holding in *In re Tillery*, 124 B.R. 127 (Bankr.M.D.Fla.1991). Moreover, *Pointer* cites *Ciavarella* for support of the proposition that creditors do not have standing to bring avoidance actions, and did not extend the discussion or reliance on *Ciavarella* to chapter 13 debtor standing.

under Sections 544, 545, 547, 548 and 550. A Chapter 13 debtor does occupy the same legal status as a debtor-in-possession in Chapter 11, who is legally an entity separate from the debtor. Obviously this is not the case in a Chapter 13 case where the debtor occupies the same legal status as it occupied prior to the commencement of the case. For these reasons there appears to be no justification why a Chapter 13 debtor should be permitted to avoid a transaction to which the debtor himself or herself was a participating party and when such an avoidance plays no meaningful role in the debtor's ability to propose a Chapter 13 plan and to consummate same if the plan submitted is confirmed.

Based on the foregoing, this Court is satisfied that the Debtors may not utilize the voiding powers granted by Section 544.

124 B.R. at 128–29. *See also, In re Coan,* 134 B.R. 670 (Bankr.M.D.Fla.1991) (although the issue in *In re Tillery* dealt with the avoidance powers granted by § 544 of the Bankruptcy Code, the same analysis regarding chapter 13 debtor's standing should apply when considering § 545(2)).[11]

This Court agrees with the rationale of those Courts, as referenced above, in deciding that the chapter 13 debtor does not have the power to seek avoidance under Sections 544 and 545 of the Bankruptcy Code in this case. Although the Court recognizes that a chapter 13 debtor may often be the most appropriate party to bring such an action, and further recognizes the limitations on a chapter 13 trustee's capabilities, regarding time and economics, in bringing such actions, the Court is extremely mindful of the pronouncement by the Court in *In re Bruce, supra,* that the role of a bankruptcy judge is to inter-

pret and apply the statutes, not to rewrite them. From review of the applicable statutes, it may be seen that there is no explicit statutory foundation for the debtor to seek avoidance here. Although authorities cited provide that an exception to the prohibition against an avoidance action by the debtor exists where the debtor may exempt the property, such has not been argued by the debtor here.[12] Nor has the debtor argued that he should be able to step into the shoes of the trustee, or that the trustee should bring the action, based on any enhancement to the creditors of the estate that would result from the avoidance.[13]

The Court must conclude that the debtors may not pursue avoidance of Point Lumber's lien, and that the merits of the legal issues regarding Point Lumber's lien perfection, or lack thereof, may not be reached by the Court given the posture of the proceedings. The objection of Point Lumber to the debtors' plan should be and is therefore sustained to the extent that it objects to its status in the plan as an unsecured creditor. The debtors will be allowed 30 days within which to amend their plan accordingly.

A judgment will be entered consistent with these findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58. This opinion shall constitute findings and conclusions pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

---

**11.** The Court also notes the case of *In re Kennedy,* 139 B.R. 389 (Bankr.N.D.Miss.1992), another case dealing with standing. In somewhat of a reverse issue to the one before the Court today, the Court there ruled that a chapter 13 trustee had standing to bring avoidance actions under § 522(f). The question here, however is a different one.

**12.** Miss.Code Ann. § 85–3–21 provides for exemption on the debtor's homestead and in-

structs that existing encumbrances on such land and buildings, including taxes and all other liens, shall first be deducted from the actual value.

**13.** Because the debtors have proposed a 100% plan, there may be no true beneficial effect on either party, or to the unsecured creditors, whether Point Lumber is designated as secured or unsecured, except to Point Lumber in the event of default by the debtors under their plan.