**In re James and Janice CARL, Debtors.**

**James A. CARL and Janice K. Carl, Plaintiffs,**

**v.**

**UNITED STATES of America DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 89 B 14146.
Adv. No. 90 A 0318.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 7, 1992.

John C. Gottlieb, Richter, Jaros & Dudgeon, Oak Brook, Ill., for debtors.

Scott H. Harris, Trial Atty., Tax Div., U.S. Department of Justice, Washington, D.C., for I.R.S.

Jack McCollough, Chicago, Ill.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

This matter comes before the court on an adversary complaint, filed by the debtors, objecting to a secured claim filed by the Internal Revenue Service ("IRS"). The debtors generally allege that the IRS' tax liens are not effective against the their personal property, and thus that the secured claim should be disallowed. For the reasons set forth below, the court finds that the IRS' tax liens were not timely perfected against the debtors' personal property, and thus the IRS' claim is relegated to unsecured status.

### Facts

The pleadings and arguments in this case reveal no dispute regarding the facts set forth herein, although the parties may have disagreed about the inferences to be drawn from them. The debtors, James and Janice Carl, owed federal income taxes for the years 1980, 1982, 1983, 1984, 1986, and 1987. For those years, the Carls' tax returns listed their address as 21 West 132 Flamingo, Lombard, Illinois 60148. In 1988, however, the Carls moved to Minnesota so that James Carl could attend school as an instate resident. Schedule C of their 1988 tax return shows that the Carls operated a day care center in Golden Valley, Minnesota. Nevertheless, the Carl's 1988 return still showed their Illinois address.

On May 25, 1989, several months after the Carls had moved, the IRS filed notice of tax liens against them. This filing was made in Illinois. A few months after this notice, on August 25, 1989, the Carls filed their pending petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. Listing personal property valued at $3,000, they claimed Illinois as their domicile for purposes of filing their petition. The IRS thereafter filed a proof of claim asserting a secured claim against all of the debtors' personal property via the allegedly perfected tax liens. Objecting to the IRS's asserted secured claim, the debtors filed an adversary complaint pursuant to Bankruptcy Rule 7001(2) to determine the extent and priority of the IRS' tax liens.

### Jurisdiction

This court has jurisdiction to hear this adversary proceeding pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### Discussion

■ In this adversary proceeding, the debtors seek a declaration from this court that the IRS's tax liens are not effective against their property. The debtors' legal

theory—although not fully articulated—is that a tax lien under the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1 *et seq.*, is void against property of a bankruptcy estate if it is not properly perfected by the filing of a notice under 26 U.S.C. § 6323. The debtors apparently rest this argument on the power of a trustee to avoid liens by asserting the rights of a judgment creditor under 11 U.S.C. § 544. The right of a Chapter 13 debtor to assert this "strong arm" power has been recognized, *In re Boyette*, 33 B.R. 10, 11 (Bankr.N.D.Tex.1983), and the IRS has not contested the debtors' standing to do so.

Section 6321 of the IRC permits the IRS to place a lien for unpaid taxes, interest, penalties and costs on all of the delinquent taxpayer's property, both real or personal, belonging to such person. This lien arises at the time of assessment and continues until satisfied. 26 U.S.C. § 6322. It is undisputed that the IRS properly created tax liens in the present case since assessments occurred long before the debtors filed their petition. However, the IRC provides that a tax lien will not prevail against other security interests (including the interests of judgment creditors involved in Section 544 of the Bankruptcy Code) unless the IRS properly files notice of its lien. 26 U.S.C. § 6323(f). Perfecting a tax lien against a taxpayer's personal property requires that notice be filed in the state in which the property subject to the lien is located. *Id.* All personal property is deemed to be located at the residence of the taxpayer. 26 U.S.C. § 6323(f)(2)(B). Once notice has been properly filed, the tax lien attaches to all of the taxpayer's personal property wherever located.

Seizing upon this language, the debtors argue that the IRS' tax liens are unperfected, because the notices were filed in Illinois while the debtors resided in Minnesota. The debtors claim Illinois is the place of their domicile, not residence. The debtors conclude, therefore, that the tax liens do not attach to the debtors' personal property.

■ The U.S. Supreme Court has counseled that "[t]he plain meaning of legisla-

tion should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Therefore, this court's analysis begins with the text of Section 6323(f), which states that (1) a tax lien on personal property is perfected when notice is filed in the state in which the property is situated, and (2) that personal property is deemed situated "at the *residence* of the taxpayer at the time the notice of lien is filed." (Emphasis added.) 26 U.S.C. § 6323(f)(2)(B). The plain language makes no reference to the taxpayer's domicile. Black's Law Dictionary sets forth the commonly understood distinction between residence and domicile:

> As "domicile" and "residence" are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home.

Black's Law Dictionary 1309 (6th ed. 1990). Although residence, together with the requisite intent, is necessary to acquire domicile, actual residence is not necessary to preserve a domicile after it is once acquired. *In re Frame*, 120 B.R. 718, 723 (Bankr.S.D.N.Y.1990) (construing 28 U.S.C. § 1408). Consequently, one may be a resident of one jurisdiction while having a domicile in another. *See* 25 Am.Jur.2d *Domicile* § 4 (1966), and collected citations.

The drafters recognized this distinction by explicitly rejecting the proposal (made by the Internal Revenue Service) that the taxpayer's residence be determined by the taxpayer's domicile. S.Rep. No. 1708, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.Code Cong. & Admin.News 3722, 3732; *see* Rev.Rul. 77-61, 1977-1 C.B. 388 ("Under section 6323(f)(2)(B), personal property, whether tangible or intangible, is deemed to be situated at the residence of the tax-

payer (as distinguished from domicile) at the time the notice of Federal tax lien is filed."); *see also* Gen.Couns.Mem. 36838 (Sept. 7, 1976) (Section 6323(f)(2)(B) personal property is deemed situated at the residence of taxpayer, as distinguished from domicile). Instead, Congress chose the objective test of residency to make "the identification of the place for filing and searching for liens as simple and certain as possible." *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1191 (7th Cir.1986) (dealing with corporate residency).

Here, the debtors moved to Golden Valley, Minnesota so that James Carl could attend school. Although the debtors' ultimate intent to return to Illinois may have been sufficient to retain Illinois as their domicile, it did not establish their actual residence, which was Golden Valley, Minnesota.[1] The IRS filed no notice of tax lien in Minnesota to perfect its assessments against the debtors' property. Consequently, the IRS' tax liens are unperfected, and thus the IRS's claim is unsecured.

### Conclusion

Based on the foregoing reasons, the court grants the debtors' request to deny the IRS' tax liens secured status. The court finds that the IRS has a general unsecured claim.

See written order.

### ORDER

This cause coming before the court on the debtors' adversary complaint objecting to the Internal Revenue Service's proof of claim, and the court having considered the arguments of the parties, and memoranda filed by counsel,

IT IS HEREBY ORDERED, for the reasons stated in the accompanying Memorandum of Decision, that the debtors' complaint to disallow the Internal Revenue Service's claim as secured is granted, and

IT IS FURTHER ORDERED that the Internal Revenue Service's claim be allowed as an unsecured claim.

---

1. There is some indication in the written argument of the IRS that it may wish to assert that the debtors always retained actual residence in Illinois. The court believes that this contention was abandoned in hearings before the court. Should there be a genuine factual dispute on this matter, the court will consider a motion pursuant to Fed.R.Bankr.P. 9023.